Each of nine judges of this court was elected, and qualified, for a term of six years under Art. IV, § 3, of our state constitution. Each of those judges holds the office for the term of six years, unless he dies, resigns, or is removed by impeachment proceedings prior to the expiration of that term. The limits of the term cannot be increased during that six-year term, nor may the legislature, other than by impeachment proceedings, shorten that term of office. Pursuant to Laws of 1941, chapter 201, one judge of this court became a member for such period of time as one of the nine judges is absent from this state in the active service of the United States. The questions whether that statute is constitutional and/or whether we have at this time a membership on this court of nine or ten judges is not now material.
This cause was heard by the court En Banc, with eight of the nine elected judges and the appointed judge sitting. Two of those nine judges were of the *Page 113 
view that the admission in evidence of the pistol was prejudicial. Three judges concluded that the admission in evidence of the pistol constituted error but was not prejudicial. Four judges deemed no error was committed in admitting the pistol in evidence, but expressed the opinion that, if the admission of such evidence was erroneous, it was clearly prejudicial and entitled the appellant to a new trial; that is, five judges held that the search violated the constitutional rights of appellant and six of the judges expressed the opinion that, if it were error to admit the pistol in evidence, such error was prejudicial. The opinion is of no value as a precedent as there is not a constitutional majority of this court in agreement on the determinative question before us.
There is not an English speaking court in the world which holds that evidence taken without a search warrant, as in the case at bar, is admissible against the defendant. All the cases hold that in such cases the defendant's conviction has no sufficient foundation to support it without the use of evidence which had been unlawfully obtained; therefore, the judgment of conviction must be reversed.
The only authority upon which the so-called majority opinion in the case at bar is based is our opinion in State v. Much,156 Wn. 403, 287 P. 57, in which we disregarded the provision of the constitution securing the right of the people against unlawful searches and seizures and heeded not the constitutional provision that no person shall be compelled in any criminal case to be a witness against himself. In State v. Much, supra, we held that Rem. Rev. Stat., §§ 2237 to 2240-1, inclusive, which provided for the issuance of search warrants in certain cases and that it was unlawful to enter and search any private dwelling house or place of residence without the authority of a search *Page 114 
warrant, should be construed together; hence, no statutory authority existed for the issuance of a search warrant in a murder case. We said, in effect, that, as we had no statute authorizing the issuance of search warrants for the evidence of the instruments of a murder, the constitutional prohibition against the invasion of one's home without authority of law should be disregarded; otherwise, the law against the commission of the crime of murder could not be enforced.
Constitutional limitations and guarantees should not be contravened and treated as mere scraps of paper on the ground that a law cannot be enforced if the constitution is followed. This should be a government of laws, and not of men. Conceding,arguendo, that there is no statutory authority for the issuance of a search warrant in a murder case, that lack constitutes no justification for the unlawful seizure of appellant's pistol and admitting it in evidence against him.
In Jokosh v. State, 181 Wis. 160, 193 N.W. 976, is the following language which, except that the end sought was the enforcement of the prohibition law, is apt in the case at bar:
"It is also said that, if searches such as this cannot be made, the prohibition law cannot be enforced. This may be true in part or it may be true in whole. The answer is that an article of the constitution having its origin in the spirit if not in the letter of the Magna Carta prevents it, and that it is the duty of the court to sustain and enforce the constitution in its entirety, and not to permit what may seem to be presently a desirable mode of procedure to annul such fundamental portions of our organic law as the freedom from unlawful searches. The importance of such a provision may be lost sight of in times of peace in a well organized and well administered state, but in times of stress or dissensions its value is as great as those who inserted it in the constitution conceived it to be." *Page 115 
In Hoyer v. State, 180 Wis. 407, 193 N.W. 89, deputy sheriffs, without a search warrant, opened the door of defendant's automobile and removed bottles of intoxicating liquor from the car which they seized together with the liquor. Defendant was convicted of the crime of unlawful transportation of intoxicating liquors. On appeal, the supreme court of Wisconsin held that the intoxicants taken without a search warrant were not admissible in evidence against defendant as being in violation of the constitutional provision securing the right against unreasonable searches and seizures and also in contravention of the constitutional provisions that no person shall be compelled in a criminal case to be a witness against himself. The judgment was reversed, the court stating:
"For ourselves we elect to stand, as this court has heretofore stood, with the federal and other courts which consider these provisions of the Bill of Rights as embodied in constitutions to be of substance rather than mere tinsel. We hold, therefore, that the evidence challenged in this case was taken by the officers by unlawful search and seizure and contrary to sec. 11, art. I, Wis. Const. . . .
"This court squarely aligned itself with rulings of the United States supreme court in Thornton v. State, 117 Wis. 338, 341,93 N.W. 1107, and State v. Murphy, 128 Wis. 201, 207,107 N.W. 470, each of which cited with approval Boyd v. U.S.,116 U.S. 616, 6 Sup. Ct. 524, and Bram v. U.S., 168 U.S. 532,18 Sup. Ct. 183, infra.
"We firmly believe as to each of these provisions that which was said as to the right of exemption from compulsory self-incrimination in Twining v. New Jersey, 211 U.S. 78, at p. 91 (29 Sup. Ct. 14):
"`It was generally regarded then [referring to the adoption of the several constitutions], as now, as a privilege of great value, a protection to the innocent though a shelter to the guilty, and a safeguard against heedless, unfounded, or tyrannical prosecutions.' *Page 116 
"The two constitutional provisions here invoked are quite closely interwoven, and generally, as in this case, that which is obtained by unlawful search and seizure is subsequently attempted to be used to incriminate him from whom obtained, the one violation being but a preface to the other. This view has been very fully and clearly discussed by ANDERSON, J., in Tucker v.State, 128 Miss. 211, 90 So. 845, and many authorities are there cited.
"In Lang v. State, 178 Wis. 114, 189 N.W. 558, this court very recently set aside a conviction for murder because there were used in evidence against defendant, statements, miscalled a confession, extorted from him by resort to personal violence and methods declared to savor of the rack and thumb-screw. It is needless, perhaps, to say that we are still in accord with the views there expressed by Mr. Justice Jones, speaking for this court. The statements in that case obtained from the defendant were held inadmissible because of no probative force. But this court also there stated that other cases place the rejection of such evidence on the ground that it is a violation of the constitutional guaranty against the compulsory giving of evidence against oneself, citing to that effect Bram v. U.S.,168 U.S. 532, 18 Sup. Ct. 183, supra. That view seems tacitly, if not expressly, approved in the case of Weeks v. U.S., 232 U.S. 383,393, 34 Sup. Ct. 341, and expressly so approved in Goulet v.U.S., 255 U.S. 298, 306, 41 Sup. Ct. 261, infra, as well as inSilverthorne L. Co. v. U.S., 251 U.S. 385, 391,40 Sup. Ct. 182.
"We see no reason in logic, justice, or in that innate sense of fair play which lies at the foundation of such guarantees, why a court of justice, rejecting as abhorrent the idea of the use of evidence extorted by violation of a defendant's right to be secure in person and exempt from self-incrimination though it may result in murder going unwhipt of justice, should yet approve of the use, in the same court of justice, by state officers, of that which has been obtained by other state officers through, and by, a plain violation of constitutional guarantees of equal standing and value, though *Page 117 
thereby possibly a violation of the prohibition law may go unpunished.
"Sec. 11, art I, Wis. Const., supra, is a pledge of the faith of the state government that the people of the state, all alike (with no express or possible mental reservation that it is for the good and innocent only), shall be secure in their persons, houses, papers, and effects against unreasonable search and seizure. This security has vanished and the pledge is violated by the state that guarantees it when officers of the state, acting under color of state-given authority, search and seize unlawfully. The pledge of this provision and that of sec. 8 are each violated when use is made of such evidence in one of its own courts by other of its officers. That a proper result — that is, a conviction of one really guilty of an offense — may be thus reached is neither an excuse for nor a condonation of the use by the state of that which is so the result of its own violation of its own fundamental charter. Such a cynical indifference to the state's obligations should not be judicial policy.
"Such constitutional provisions here invoked are not grants of rights of action for trespass against official or individual violators of such guaranteed rights, for other provisions of the constitution give such remedies. To say, then, that when the state itself has thus violated its own pledges it may use the results thereby obtained for its own purpose, become a party to the trespass by ratification, trace its title through wrongful acts of its officers, remain itself immune in its sovereignty from legal liability, and then relegate the individual whose rights are thus swept away and made valueless in and by a court of justice to his bootless and fruitless action of trespass against such trespassing state officials as individuals, is to gibe and to jeer.
"No statute of limitations has or can run against such guarantees. The wisdom or propriety of them is not for the courts or state officials to question or debate any more than may such courts or officials question the wisdom or propriety of any other such provisions. Constitutional provisions of later date acquire no priority in value over their elders, and the efficacy of *Page 118 
any such provision does not diminish in comparison with others in any proportion based upon their respective perspectives. Zeal for the enforcement of one provision should not succumb to the temptation to breach the fidelity owed to another coequal provision. Lang v. State, 178 Wis. 114, 189 N.W. 558. While they stand as they have so long stood the courts are pledged to support and uphold them, be the consequences what they may."
I am not unmindful of the doctrine of stare decisis and am more or less familiar with our utterances respecting that principle. In Schramm v. Steele, 97 Wn. 309, 166 P. 634, we quoted with approval the following language from the supreme court of Indiana:
"`Much as we respect the principle of stare decisis, we cannot yield to it when to yield is to overthrow principle and do injustice. Reluctant as we are to depart from former decisions we cannot yield to them, if, in yielding, we perpetuate error and sacrifice principle. We have thought it wisest to overrule outright rather than to evade, as is often done, by an attempt to distinguish where distinction there is none.' Paul v. Davis,100 Ind. 422, 428."
The following language of the United States supreme court in the Genesee Chief v. Fitzhugh, 12 How. (U.S.) 443, 455,13 L.Ed. 1058, is pertinent:
"It is the decision in the case of the Thomas Jefferson which mainly embarrasses the court in the present inquiry. We are sensible of the great weight to which it is entitled. But at the same time we are convinced that, if we follow it, we follow an erroneous decision into which the court fell, when the great importance of the question as it now presents itself could not be foreseen; and the subject did not therefore receive that deliberate consideration which at this time would have been given to it by the eminent men who presided here when that case was decided."
The foregoing language was quoted with approval in Pollock v.Farmers' Loan Trust Co., 157 U.S. 429, *Page 119 
576, 39 L.Ed. 759, 15 S.Ct. 673, where the United States supreme court said:
"Manifestly, as this court is clothed with the power, and entrusted with the duty, to maintain the fundamental law of the Constitution, the discharge of that duty requires it not to extend any decision upon a constitutional question if it is convinced that error in principle might supervene."
It is the duty of this court to maintain the fundamental law of the constitution, hence it follows that we should overrule the erroneous decision in State v. Much, supra. From January 1, 1915, to December 31, 1942, we challenged and/or overruled three hundred and eighty-seven of our opinions.
We filed opinions in 13,902 causes from January 1, 1915, to and including July 13, 1943, and of 13,464 of those opinions (the years 1942 and 1943 are excluded) 3,980 opinions were not unanimous.

===================================================================
 | | Not || | | Not
 Year | Opinions | Unanimous || Year | Opinions | Unanimous
--------|------------|-----------||--------|------------|----------
 1915 | 622 | 190 || 1930 | 503 | 147
 1916 | 628 | 233 || 1931 | 569 | 165
 1917 | 572 | 172 || 1932 | 489 | 125
 1918 | 635 | 194 || 1933 | 485 | 180
 1919 | 521 | 145 || 1934 | 405 | 107
 1920 | 482 | 80 || 1935 | 427 | 150
 1921 | 548 | 134 || 1936 | 383 | 129
 1922 | 615 | 163 || 1937 | 347 | 113
 1923 | 656 | 207 || 1938 | 359 | 91
 1924 | 515 | 175 || 1939 | 317 | 78
 1925 | 629 | 185 || 1940 | 319 | 109
 1926 | 548 | 113 || 1941 | 297 | 99
 1927 | 617 | 160 || 1942 | 274 | ...
 1928 | 504 | 172 || 1943 | 164 | ...
 1929 | 472 | 164 || | |
-------------------------------------------------------------------

I cite some of our opinions, as follows, to show that, while we greatly respect the doctrine of stare decisis, we will depart from former decisions when to yield to them we perpetuate error and sacrifice principle:
Thompson v. Caton, 3 Wn. Terr. 31, 13 P. 185, criticised (overruled) by Benham v. Ham, 5 Wn. 128, *Page 120 
131, 31 P. 459. Smith v. Taylor, 2 Wn. 422, 27 P. 812, criticised by O'Connor v. Slatter, 46 Wn. 308, 311,89 P. 885, for remarks "not necessary to a decision in that case."
Spithill v. Jones, 3 Wn. 290, 28 P. 531, criticised inMcKinley v. Morgan, 36 Wn. 561, 564, 79 P. 45, as "a case with which this court has never been entirely satisfied, and we do not care to extend the doctrine there announced." In Nelsonv. Denny, 26 Wn. 327, 67 P. 78, we held that an order vacating a judgment is not an appealable order. In dissenting opinion, it was observed that this court did not formerly seem to treat the cases cited from the first of Washington as conclusive upon the question even under the old statute; that in NorthernPac. P.S.S.R. Co. v. Black, 3 Wn. 327, 28 P. 538, concurred in by the full court, the right of an appeal from an order vacating a judgment was referred to as still an open question; that in Marston v. Humes, 3 Wn. 267, 28 P. 520, a proceeding brought to review an order vacating a judgment, a grave constitutional question was determined; and in Reitmeir v.Siegmund, 13 Wn. 624, 43 P. 878, we held that an order vacating a judgment is appealable and decided the case on its merits.
Elwell v. Puget Sound C.R. Co., 7 Wn. 487, 35 P. 376, criticised in Miller v. Washington Southern R. Co., 11 Wn. 414,39 P. 673, as in conflict with Duggan v. Pacific BoomCo., 6 Wn. 593, 34 P. 157; Carrigan v. Port Crescent Imp.Co., 6 Wn. 590, 34 P. 148; Tootle v. First Nat. Bank,6 Wn. 181, 33 P. 345, and Seal v. Puget Sound Loan Inv.Co., 5 Wn. 422, 32 P. 214.
The statement in Guley v. Northwestern Coal Transp. Co.,7 Wn. 491, 35 P. 372, that
"Where the clear weight of the evidence is with either side, there is no substantial conflict, and the *Page 121 
court should take the decision of the case from the jury" is criticised in Tacoma v. Tacoma Light Water Co., 17 Wn. 458,480, 50 P. 55, as contrary to the true rule that when there is any evidence to warrant the verdict and the trial court has refused to set it aside, it will not be reversed on appeal. The opinion was again criticised on the same ground in Prongerv. Old Nat. Bank, 20 Wn. 618, 624, 56 P. 391, where we held that a judgment founded on the verdict of a jury will not be reversed, where there is a substantial conflict in the evidence, merely because the appellate court may be of the opinion that the weight of the evidence is contrary to the conclusion necessary to be reached in order to sustain the judgment.
State ex rel. Bartelt v. Liebes, 19 Wn. 589, 54 P. 26, criticised Sears v. Williams, 9 Wn. 428, 37 P. 665, 38 P. 135, 39 P. 280, as announcing a doctrine opposed to reason and the great weight of authority.
In Denney v. Parker, 10 Wn. 218, 38 P. 1018, the compromise of a claim by an administrator pending a lawsuit was affirmed. In Ward v. Magaha, 71 Wn. 679, 685, 129 P. 395, we criticised the opinion in the foregoing case as not resting upon authority and observed,
"There is now no reason for ignoring our statutes and allowing an administrator to waive a right, or admit, by his action or inaction, a claim against an estate. The reasons stated in theDenney case are unsound. The case seems to have proceeded upon the theory that the probate court was something `over the hills and far away,' whereas it was the same court in which the action was pending, and with full power in the same judge to discontinue the action at law until the probate record could be made up."
State v. O'Hare, 36 Wn. 516, 519, 79 P. 39, criticisesState v. Cochran, 10 Wn. 562, 39 P. 155, for *Page 122 
failure to hold that the crime of seduction under Bal. Code § 7066, is not limited only to those cases where there was a promise of marriage, as any seductive arts or promises, where the female involuntarily and reluctantly yields thereto, are sufficient.
Tacoma v. Krech, 15 Wn. 296, 46 P. 255, 34 L.R.A. 68, which held that an ordinance prohibiting barbers from pursuing their ordinary calling on Sunday was unconstitutional, was overruled by State v. Nichols, 28 Wn. 628, 69 P. 372, a prosecution for violation of the Sunday closing law (Bal. Code § 7152). In State v. Bergfeldt, 41 Wn. 234, 240, 83 P. 177, we held that a statute (Laws of 1903, p. 68) prohibiting the business of barbering on Sunday was constitutional and stated that Tacoma v. Krech, supra, was properly overruled. (SeePatton v. Bellingham, 179 Wn. 566, 38 P.2d 364.)
Judge Rudkin refused to concur in the per curiam opinion, which states,
"He thinks the act in question without right and without reason, denies to an inconsiderable portion of our population the right to pursue their ordinary calling on Sunday, while that privilege or immunity is enjoyed by every other laborer and artisan in the state; that while, in a technical sense, the act applies to all persons within the state, yet in its practical operation, it affects barbers alone, and denies to them that equality before the law which our constitutions were established to maintain."
In State ex rel. Fuller v. Superior Court, 31 Wn. 96,71 P. 722, we held that the fact that the superior court has no jurisdiction to try and determine an appeal from a justice of the peace is not ground for the issuance of a writ of prohibition, where the amount in controversy is less than two hundred dollars, since the judgment of the superior court is conclusive in such cases, under the constitutional provisions limiting the *Page 123 
appellate jurisdiction of the supreme court. In answer to the argument of relator that State ex rel. Alladio v. SuperiorCourt, 17 Wn. 54, 48 P. 733, sustained the contention that the writ of prohibition will issue from this court to a superior court to prevent its trying a case which is without its jurisdiction, we said:
"The question discussed in that case was the legality of the notice of appeal and its proper service. It is true it was stated in that case that this court had previously decided that it had authority to issue the writ in such case, as it no doubt had in some of the earlier cases. But those cases have been overruled since that time by this court in many instances. In State exrel. McIntyre v. Superior Court of Spokane County, 21 Wn. 108, (57 P. 352), this question was squarely presented in a mandamus case where the case of State ex rel. Shannon v. Hunter, 3 Wn. 92
(27 P. 1076) was overruled in this particular, and the court, in concluding its argument, said:
"`It is true that the constitution (art. 4, § 4) provides that the supreme court shall have original jurisdiction in habeas corpus, quo warranto and mandamus as to all state officers; but that provision must be construed in relation to the other provision just mentioned, which was intended as a limitation upon the jurisdiction of the supreme court. [The provision referred to was the constitutional provision that this court shall not have appellate jurisdiction where the amount in controversy does not exceed the sum of $200, with certain exceptions.] It certainly was not the intention of the framers of the constitution, and would not be in harmony with any consistent theory of adjudication, to hold that a litigant could obtain the opinion of this court by mandamus upon a question of law, where he would be precluded from obtaining it upon appeal; . . . The idea of the constitution evidently is that cases involving small amounts can safely be entrusted to the final judgment of the superior court, and that as to such cases the superior court is the court of final determination.'
"This case was followed by State ex rel. Gillette v. *Page 124 Superior Court of Spokane County, 22 Wn. 496 (61 P. 158), which was an application for a writ of review, and the court in that case, in refusing the writ, said:
"`The constitution provides that, except in certain cases specifically mentioned, the appellate jurisdiction of this court shall not extend to cases where the original amount in controversy or the value of the property does not exceed the sum of $200, and we have frequently decided that a party litigant cannot by indirection obtain a review of his cause which he cannot obtain directly by appeal. It was evidently the intention of the constitution makers that the superior court should have exclusive jurisdiction in actions where the original amount in controversy did not exceed $200.'
"It is argued by the petitioner that these cases are not in point for the reason that one was an application for a writ of review, and the other for a writ of mandamus. But this argument is not sound. If we should grant the writ of prohibition in this case, it would, in effect, be a review of the judgment of the superior court on a question of statutory law, and the result would be (what we said in the case above cited should not be) that the relator would obtain by indirection what he could not obtain directly by appeal, viz., the judgment of this court on the action of the judge of the superior court in a cause involving less than $200. Prohibition is the counterpart of mandamus."
See North Bend Stage Line v. Department of Public Works,170 Wn. 217, 16 P.2d 206, and Kitsap County Transportation Co.v. Department of Public Works, 170 Wn. 396, 16 P.2d 828, in which we held that chapter 119, Laws of 1931, which assumed to confer upon this court the exclusive reviewing jurisdiction therein described and assumed to deprive the superior court of its review and certiorari jurisdiction, was unconstitutional. Nevertheless, although we were without jurisdiction, which necessitated dismissal of the proceeding in each case, we reviewed the order of *Page 125 
the department sought to be appealed direct to this court, giving as reason for our disregard of the constitution, that the time for taking an appeal to the superior court had passed and the injured party had lost its right of appeal.
In Ethredge v. Diamond Drill Contracting Co., 196 Wn. 483,83 P.2d 364, upon objection of appellant the trial court rejected testimony offered by respondent. Respondent's offer of proof was rejected a second time upon appellant's objection. On appeal, we reversed the judgment solely on the ground that the trial court erred in rejecting respondent's offer of proof, despite the fact that any question as to the correctness of that ruling was not before us and there were no assignments of error entitling appellant to reversal of the judgment. In the dissenting opinion is the observation:
"Clearly, the trial court did not err in rejecting respondent's offer of proof; however, any question as to the correctness of that ruling is not before us. There is no cross-appeal in the case at bar, hence we may review only the questions — no constitutional or jurisdictional question is presented — properly raised by appellant."
In State ex rel. Denny v. Bridges, 19 Wn. 44, 52 P. 326, 40 L.R.A. 593, we said:
"The word `navigation,' as used in the first section of the article of the constitution quoted [art. 15, § 1], is clearly used as a qualification of the word `commerce.'"
In State ex rel. Hulme v. Grays Harbor P.S.R. Co., 54 Wn. 530,103 P. 809, we criticised that statement as dictum and not a sound interpretation of that clause of the constitution.
In Tacoma Bituminous Paving Co. v. Sternberg, 26 Wn. 84,88, 66 P. 121, we criticised the citation of *Page 126 
the "virtually overruled" case, Philadelphia Mortgage TrustCo. v. New Whatcom, 19 Wn. 225, 52 P. 1063, as authority.
In Seattle v. Smyth, 22 Wn. 327, 60 P. 1120, 79 Am. St. 939, which was overruled sub silentio by State v. Buchanan,29 Wn. 602, 70 P. 52, we held that a city ordinance which makes it unlawful for any contractor upon any of the public works of a city to require or permit any day laborer or mechanic to work more than eight hours in any one calendar day
". . . is unconstitutional, on the ground that it interferes with the right of persons to contract with reference to their services, where such services are neither unlawful nor against public policy."
In In re Broad, 36 Wn. 449, 455, 78 P. 1004, we criticised the foregoing and held that a like ordinance of the city of Spokane was constitutional.
In Northern Pac. R. Co. v. Hasse, 28 Wn. 353, 356,68 P. 882, contrary to and criticising our opinion in NorthernCounties Inv. Trust v. Enyard, 24 Wn. 366, 64 P. 516, we held that, where a homestead entry was made upon land through which a railroad company was entitled by 1864 act of congress to a right of way four hundred feet wide, the land enclosed and cultivated by the entryman, and the enclosure forcibly broken by the railroad company for the construction of its line of railway, the attitude of the parties was hostile from the inception of the right, and the occupation and cultivation thereafter by the entryman of such portions of the right of way as were not in actual use by the railway would constitute adverse possession.
In Spokane Grain Fuel Co. v. Lyttaker, 59 Wn. 76,109 P. 316, we held that the constitutional provision (Art. II, § 37) that no act shall be revised or amended by mere reference to its title, but the act shall be set forth in full as amended, does not apply to an *Page 127 
act complete and perfect in itself, although it amends by implication or is a substitute for a section in a former law on the same subject; and, hence, is not violated by the act of 1909, entitled an act relating to materialmen's liens and the enforcement thereof, providing for the service upon the owner of duplicate statements of all materials furnished for the construction of buildings, etc. We criticised Copland v. Pirie,26 Wn. 481, 67 P. 227, 90 Am. St. 769, upon which appellants largely relied, as follows:
"It must be conceded that their contention finds support in that decision. It was there held that the act of 1897 (Laws 1897, p. 93, relating to exemptions of personal property was amendatory of section 486 of Hill's Statutes and Codes (Rem. Bal. Code, § 563), and was therefore void, because not enacted according to the requirements of the constitution. If the act of 1897 was strictly amendatory in its character, the conclusion of the court was unavoidable, but the legislature in its wisdom did not see fit to enact it in that form, and it may well be doubted whether the court did not go too far in limiting and restricting the legislature as to the mode it might pursue in the enactment of laws. Lockhart v. City of Troy, supra.
"In the course of its opinion in the case cited this court said:
"`In construing similar constitutional provisions the courts seem generally to have held that this requirement does not apply to supplemental acts not in any way modifying or altering the original act, nor to those merely adding sections to an existing act, nor to acts complete in themselves, not purporting to be amendatory, but which by implication amends other legislation on the same subject.'
"The rule there stated is no doubt the correct one, but was not the act of 1897 a supplementary act within the meaning of that rule? It in no wise altered or amended existing laws, but simply increased the existing exemptions, by adding a new exemption of a different kind. The decision in Copland v. Pirie was controlled *Page 128 
largely by the decision of the United States district court for this district, in In re Beulow, 98 Fed. 86, construing the same statute. That court proceeded upon the theory that `The new act is not complete, but refers to a prior statute, which is changed, but not repealed by the new act, so that the full declaration of the legislative will on the subject can only be ascertained by reading both statutes, the very obscurity and the tendency to confusion will be found which constitutes the vice prohibited by this section of the constitution.' But how often must we look to two or more acts to ascertain the full declaration of the legislative will? No one will for a moment doubt the power of the legislature to exempt homesteads by one act, household goods by another, farming implements by a third, and so on; yet the full declaration of the legislative will on the subject of exemptions could only be gathered by referring to these several acts. Followed to its logical conclusion, this argument would compel the legislature to embody in a single enactment, or in amendments thereto, all legislation relating to a single subject. Such was not the object or purpose of the provision in question. So long as a legislative act is complete in itself and does not tend to mislead or deceive, it is not violative of the constitution."
In State ex rel. Ide v. Coon, 40 Wn. 682, 82 P. 993, we held that where the amount in controversy is less than two hundred dollars, an appeal does not lie from a judgment of the superior court awarding a writ of mandate to compel the city officers to issue a warrant to pay a judgment, although the judgment was one entered by the supreme court for costs against the state, in an action prosecuted by the city, and the legal contention was involved that the city was not liable on the judgment. In criticising State ex rel. Dudley v. Daggett,28 Wn. 1, 68 P. 340, which was overruled by State ex rel.Plaisie v. Cole, 40 Wn. 474, 82 P. 749, we said: *Page 129 
"The main contention of appellants is that the mandamus proceeding in this case was a proceeding to enforce an execution on the judgment of this court, and not in any sense a civil action for the recovery of money; that the judgment of this court, having been a judgment for costs against the state, it cannot be recovered against the city; and that this court has power and jurisdiction at all times and under all circumstances to enforce its judgments; and the case of State ex rel.Jefferson County v. Hatch, 36 Wn. 164, 78 P. 796, is cited to sustain the contention. But that case, it seems to us, is not in point, for the reason that it was a direct application in this court to compel an obedience to the judgment of this court. The case of State ex rel. Plaisie v. Cole, supra, was a mandamus case to compel a justice of the peace to grant a change of venue, and we held there that, inasmuch as the amount in controversy in the original action was less than $200, this court would not take jurisdiction of the appeal under the constitutional provision above referred to, and the case of State ex rel. Dudley v.Daggett, 28 Wn. 1, 68 P. 340, was overruled. In that case it was held that, where a mandamus was sought for the purpose of compelling the proper city officers to issue a warrant for the payment of an officer's salary the amount involved being less than $200, this court would take jurisdiction of an appeal in the case on the ground that mandamus is not a civil action at law for the recovery of money, within the meaning of the constitutional provision limiting the jurisdiction of this court. The court then returned to the announcement made in its former decisions, viz.,State ex rel. McIntyre v. Superior Court, 21 Wn. 108,57 P. 352, and State ex rel. Wallace v. Superior Court, 24 Wn. 605,64 P. 778, where the doctrine was announced that the constitutional limitation applied to cases that were brought in the form of mandamus the same as any other civil action."
Ball v. Clothier, 34 Wn. 299, 75 P. 1099, in which we held that, where publication for "three consecutive weeks" is required, there must be a lapse of not less than twenty-one days between the day of first publication *Page 130 
of the notice and the day of sale or other appointed act or event, and implied a preference for the statutory-week method of computation, criticised in King County v. Seattle, 7 Wn.2d 236,239, 109 P.2d 530.
In Pioneer Sand G. Co. v. Seattle Const. Drydock Co.,102 Wn. 608, 619, 173 P. 508, we criticised Peterson v. Sloss,39 Wn. 207, 81 P. 744, as follows:
"In that case, the court, while applying the correct rule of law applicable to the facts, appears to have lost sight of our statute with reference to the conveying of an after-acquired title, and to have indulged in some expressions which seem to indicate that a conveyance made by a party before he acquires title to the property conveyed is without the chain of title, and the record thereof might not be constructive notice to persons dealing with the property. Of course, all such expressions in that opinion are obiter only, and no one should be misled thereby. It would seem to be necessary, in view of the statute referred to, for one to limit the search of the records only at his own peril. And assuredly he should be required to take notice of all instruments filed of record, executed by or on behalf of any person having preference rights or vested interests."
In Puget Mill Co. v. Duecy, 1 Wn.2d 421, 427,96 P.2d 571, we criticised State ex rel. Atkinson v. Evans, 46 Wn. 219,89 P. 565, 10 L.R.A. (N.S.) 1163, as follows:
"In State ex rel. Atkinson v. Evans, 46 Wn. 219,89 P. 565, 10 L.R.A. 1163, there is language tending to commit us to the rule that the term `minerals' as used in § 33 of Art. II, of our constitution means, at least primarily, all substances (other than the agricultural surface of the ground) which may be extracted from the earth for profit, whether it be solid as stone or liquid as, for example, petroleum oil, etc. That is a too liberal construction, as it is clear that the term `minerals' does not include everything embraced in the *Page 131 
mineral kingdom as distinguished from what belongs to the animal and vegetable kingdoms; since, if it did, it would include the soil itself. See Annotation 17 A.L.R. 156 et seq. The better rule is that each case must be decided on the language of the grant or reservation, the surrounding circumstances, and the intention of the grantor if it can be ascertained. The complaint in the case at bar does not disclose what the language of the contracts was other than that those contracts contained a provision reserving in the seller absolute rights to the `minerals.'
"In determining the meaning of the term `minerals,' as employed in grants and reservations, it is essential that the court have before it all of the provisions of the instrument making the conveyance and containing the reservation; otherwise, the intention of the parties as to what was being conveyed and what was reserved can not be ascertained."
In State ex rel. Mountain Timber Co. v. Superior Court,77 Wn. 585, 590, 137 P. 994, we criticised as not legally accurate the statement in Sultan R. Timber Co. v. GreatNorthern R. Co., 58 Wn. 604, 109 P. 320, 1020, that "the constitution, art. 1, § 16, grants the right to take private property for private ways of necessity; . . ."
Blinn v. Grindle, 71 Wn. 120, 127 P. 840, criticised inState ex rel. Dahl v. Superior Court, 13 Wn.2d 626, 631,126 P.2d 199, for unnecessary expression (dictum) respecting time action would be deemed commenced.
In re Hoscheid's Estate, 78 Wn. 309, 139 P. 61, criticised in King County v. Seattle, 7 Wn.2d 236, 239,109 P.2d 530, respecting methods of computation when a statute requires publication of a notice once a week for a designated period.
White v. Powers, 89 Wn. 502, 154 P. 820, criticised inStrandberg v. Stringer, 125 Wn. 358, 365, 216 P. 25, as not in accord with the statute in holding *Page 132 
that it is necessary for the sheriff, when the mortgagor cannot be found in the county where the foreclosure proceedings are had, to make some form of return showing the fact before he can lawfully proceed with the sale.
State ex rel. Secord v. Brinker, 99 Wn. 222, 169 P. 317, criticises our holding in State ex rel. Griffith v. SuperiorCourt, 96 Wn. 41, 164 P. 516, that certiorari lies to review the denial of a motion for change of venue of an action commenced in the wrong county to which the defendant was entitled as a matter of right.
Fremont State Bank v. Vincent, 112 Wn. 493, 192 P. 975, criticised in Duke v. Johnson, 123 Wn. 43, 56, 211 P. 710.
Wyant v. Independent Asphalt Co., 118 Wn. 345,203 P. 961, criticised in King County v. Seattle, 7 Wn.2d 236, 239,109 P.2d 530.
Devoto v. United Auto Transp. Co., 128 Wn. 604,223 P. 1050, criticised in Morehouse v. Everett, 141 Wn. 399, 411,252 P. 157.
In re Hunter's Estate, 147 Wn. 216, 265 P. 466, criticised in In re McIntyre's Estate, 178 Wn. 81, 85,34 P.2d 432.
Peizer v. Seattle, 174 Wn. 95, 24 P.2d 444, criticised in Crown v. Miller, 199 Wn. 354, 364, 91 P.2d 713.
State v. West, 197 Wn. 595, 86 P.2d 192, criticised inState v. Currie, 200 Wn. 699, 702, 94 P.2d 754, for suggesting that in an exceptional case we may have the power to disregard one of our rules respecting the perfecting of an appeal in a criminal case.
Foster v. Brady, 198 Wn. 13, 86 P.2d 760, criticised inIn re Schafer's Estate, 8 Wn.2d 517, 521, 113 P.2d 41.Boyer v. Fowler, 1 Wn. Terr. 101, questioned in Meigs v.Keach, 1 Wn. Terr. 305, 307. Brown *Page 133 Bros. Co. v. Forest, 1 Wn. Terr. 201, questioned in Morganv. Bankers' Trust Co., 63 Wn. 476, 479, 115 P. 1047.Andrews v. Andrews, 3 Wn. Terr. 286, 14 P. 68, questioned in Schramm v. Steele, 97 Wn. 309, 312, 166 P. 634.
Cline v. Mitchell, 1 Wn. 24, 23 P. 1013, criticised inStone-Easter v. Seattle, 121 Wn. 520, 526, 209 P. 687, 215 P. 56, on question whether sureties on cost bond in the superior court are necessary parties to an appeal by the adverse party from a judgment in favor of the principal on the cost bond and is such surety entitled to notice of appeal.
Brown v. Rauch, 1 Wn. 497, 20 P. 785, challenged inWashington Trust Co. v. Local etc. Tel. Co., 73 Wn. 627, 629,132 P. 398, as opposed to the great weight of authority.
Northern Pac. R. Co. v. O'Brien, 1 Wn. 599, 21 P. 32, criticised (in fact, overruled) by Grim v. Olympia Light PowerCo., 42 Wn. 119, 123, 84 P. 635, where we held that a motorman assumes the risk of injury from collision with another streetcar happening through failure of the other motorman to stop the car upon a foggy morning, where fogs were of frequent occurrence.
Anderson v. State, 2 Wn. 183, 26 P. 267, questioned inState v. Armstrong, 87 Wn. 275, 277, 151 P. 775, as having long since ceased to be an authority and in conflict with our repeated holdings that affidavits in support of a motion for a new trial cannot be considered upon appeal unless they are made a part of the record by a bill of exceptions or a statement of facts.
Wilson v. Seattle, 2 Wn. 543, 27 P. 474, questioned inSeattle v. Doran, 5 Wn. 482, 484, 32 P. 105, 1002.
Marston v. Humes, 3 Wn. 267, 28 P. 520, questioned *Page 134 
in In re Shilshole Avenue, 101 Wn. 136, 138, 172 P. 338, and held to have "been many times overruled" if taken for authority for the proposition that, outside of the general statute of limitations, there is no limitation as to the time within which a party may be relieved from a judgment taken against him through his mistake, inadvertence, surprise, or excusable neglect.
Holding in North Yakima v. Superior Court, 4 Wn. 655,30 P. 1053, respecting venue of actions against a county, questioned in State ex rel. King County v. Superior Court,104 Wn. 268, 269, 176 P. 352.
In re Barker's Estate, 5 Wn. 390, 31 P. 976, questioned in In re Harper's Estate, 168 Wn. 98, 102, 10 P.2d 991,15 P.2d 1119, as valid authority as it was expressly overruled (as were Bower v. Bower, 5 Wn. 225, 31 P. 598; Hill v.Hill, 7 Wn. 409, 35 P. 360; and Purdy v. Davis, 13 Wn. 164,42 P. 520), in Gehlen v. Gehlen, 77 Wn. 17,137 P. 312, on question whether children of a testator can be disinherited by naming them as a class, instead of naming them specifically by each of their individual names, or by terms of individual identification.
In Welch v. Creech, 88 Wn. 429, 442, 153 P. 355, we reviewed McKenzie v. Oregon Imp. Co., 5 Wn. 409, 31 P. 748, and said:
"That case was a civil action upon a promissory note. The execution of the note was admitted. The defendant tendered the issue of no consideration. Upon this sole issue he necessarily had the burden of proof, and was bound to sustain it by a preponderance of the evidence. It was the affirmative of the only issue before the court.
"In the McKenzie case, the execution of the note was admitted. In this case, an unlawful killing is not admitted. The presumption did not operate as an admission. An admission is evidence. A presumption is not. *Page 135 
An admission changes the burden of proof in the sense that the plea of confession and avoidance must be sustained by the weight or preponderance of evidence. A presumption simply changes the order of proof to the extent that one upon whom it bears must meet or explain it away. When such explanation is made, the duty is upon a plaintiff to take up the burden which the law has cast upon him and sustain the issue by a preponderance of the evidence. It neither depends upon evidence nor is it sustained by evidence. It follows that, when the defendant has balanced that presumption by a reasonable and unimpeached explanation, he is entitled to a verdict, unless there is a showing by independent testimony of an unlawful killing. Wharton, Criminal Evidence (10th ed.), § 334.
"The distinction between burden of proof and preponderance of evidence is well stated in the case of Smith Sand Gravel Co.v. Corbin, 75 Wn. 635, 135 P. 472, where it is said:
"`Prima facie case means only that the case has proceeded upon sufficient proof to that stage where it must be submitted to the jury, and not decided against the plaintiff as a matter of law. A prima facie case does not necessarily mean that judgment goes in favor of the plaintiff as a matter of law. The jury are still the judges of the sufficiency of the showing to call for a verdict in plaintiff's favor, and where there is no affirmative defense, strictly speaking, the jury are to measure plaintiff's rights, having in view that he has the burden of proof.'
"In this case there is no affirmative defense, strictly speaking. The general issue is whether the act of killing was unlawful, and the defendant had the right, under that general issue, to submit any evidence which tended to sustain his defense, whether it be non est factum or self-defense. To repeat, it is only in those cases where there is an affirmative defense resting upon facts which are not dependent upon, or do not grow out of, the res gestae, and which are pleaded as a separate and affirmative defense, that a defendant is bound to sustain his case by a preponderance of the evidence. In either a civil or criminal case, a defendant *Page 136 
is never called upon to prove by a preponderance anything that is competent to be proved under the general issue."
The holding in Traders' Bank of Tacoma v. Bokien, 5 Wn. 777,32 P. 744, that notice of appeal must be served on all parties who appear in an action was questioned — overruled — inDeno v. Standard Furniture Co., 190 Wn. 1, 3,66 P.2d 1158.
The rule enunciated in Wood v. Nichols, 6 Wn. 96,32 P. 1055, 35 P. 140, that a plaintiff could not maintain a suit to rescind a sale of real property, because he had not tendered back all of the money he had received on the purchase price, was subsilentio overruled in subsequent cases, and again questioned inCain v. Norman, 140 Wn. 31, 35, 248 P. 71.
Our decision in State ex rel. Stearns v. Smith, 6 Wn. 496,33 P. 974, which construes the meaning of the term "state officers," as used in § 4, Art. IV, of the constitution, to include only those heads of executive departments recognized eonomine as executive officers in Art. III of the constitution, is questioned in State ex rel. North Coast Fire Ins. Co. v.Schively, 68 Wn. 148, 149, 122 P. 1020, and the construction held too narrow.
In McDonough v. Craig, 10 Wn. 239, 245, 38 P. 1034, we questioned the conclusions announced in Commercial Bank v.Scott, 6 Wn. 499, 33 P. 829, 34 P. 434, and held that, in an action upon a negotiable promissory note executed by the husband alone for what is alleged to be a community debt, the wife is a proper party defendant; and, upon a verdict or finding in favor of the plaintiff upon such issue, he is entitled to have the debt adjudged as that of the community.
Moore v. Brownfield, 7 Wn. 23, 34 P. 199, and Johnson v.Conner, 48 Wn. 431, 93 P. 914, which *Page 137 
were overruled by McNaught-Collins Imp. Co. v. May, 52 Wn. 632,101 P. 237, and State v. Sturtevant, 76 Wn. 158,135 P. 1035, 138 P. 650, questioned by Skansi v. Novak,84 Wn. 39, 46, 146 P. 160, in which we held that an entry on and possession of land, under the mistaken belief that it is public land, will not have the effect of disseizing the true owner, as such possession is subservient to the public right; hence, it is not hostile or adverse to the true owner.
In Philips Co. v. Bergman, 130 Wn. 346, 347,227 P. 321, in which we held that the husband's contract to pay an agent's commission for securing a loan on community property to pay a community debt, the loan also being a community debt, is binding upon the wife as a community debt, we questionedMcGlauflin v. Merriam, 7 Wn. 111, 34 P. 561, which was subsilentio overruled by Philips Co. v. Langlow, 55 Wn. 385,104 P. 610, and Philips Co. v. Mercy, 126 Wn. 376,218 P. 4, 222 P. 902.
Romine v. State, 7 Wn. 215, 34 P. 924, in which we held that, when the state prosecutes an appeal from an adverse judgment in the trial court, it is liable for costs if the appeal proves unsuccessful, questioned — overruled — by WashingtonRecorder Pub. Co. v. Ernst, 1 Wn.2d 545, 551, 97 P.2d 116, in which we held that, in the absence of a statute creating such liability, the state is not liable for costs in actions to which it is a party in its own courts.
Hill v. Hill, 7 Wn. 409, 35 P. 360, questioned — overruled — by In re Harper's Estate, 168 Wn. 98, 102,10 P.2d 991, 15 P.2d 1119. The question raised was whether the children of a testator may be disinherited by naming them as a class.
Guley v. Northwestern Coal Transp. Co., 7 Wn. 491,35 P. 372, criticised as follows by Money v. Seattle R. S.R.Co., 59 Wn. 120, 124, 109 P. 307, on *Page 138 
the question of right of this court to reverse a case for refusal of a new trial on the ground of insufficiency of the evidence:
"The Guley case has been criticized in this court in respect to the question we are considering until it is no longer authority on the subject. Where there is a substantial conflict in the evidence, and the trial court has refused a new trial and has instructed the jury that the weight of the evidence does not necessarily depend upon the relative number of witnesses testifying for or against a given issue, and that they are the sole judges of the credibility of the witnesses and the weight of the testimony, it would involve a legal absurdity for this court to reverse the judgment entered upon the verdict on the ground of the insufficiency of the evidence. To believe one witness and to disbelieve another or others is one of the admitted functions of the jury, and in this respect it cannot be censored or controlled by the courts. While it is true that verdicts must be based upon evidence, it is likewise true that the trial judge is not required to grant a new trial in every case where his opinion upon the facts differs from the opinion of the jury as expressed in the verdict."
See, also, Armstrong v. Modern Woodmen of America, 93 Wn. 352,354, 160 P. 946, which criticises Guley v. NorthwesternCoal Transp. Co., supra, as follows:
"It is true that in that case is found a declaration that where the clear weight of the evidence is with either side, there is no substantial conflict, and the court should take the decision of the case from the jury, but that decision is no longer authority."
Baer v. Choir, 7 Wn. 631, 32 P. 776, 36 P. 286, criticised by Felker v. New Whatcom, 16 Wn. 178, 184,47 P. 505, on question whether it is necessary that property assessed for a street improvement should be listed in the name of the owner. *Page 139 
 State v. Butler, 8 Wn. 194, 35 P. 1093, 40 Am. St. 900, 25 L.R.A. 434, in which we held that solicitation to commit adultery is not indictable as an attempt to commit the crime of adultery, cited as analogous and sustaining authority in Statev. Awde, 154 Wn. 463, 282 P. 908, where we held there cannot be any such offense under our statute (Laws of 1909, p. 955, § 217, and p. 893, § 12) as an attempt to become a common gambler.
Webb v. Spokane County, 9 Wn. 103, 37 P. 282, which held that a physician, employed by the county commissioners for a term of one year to attend the poor of the county, and who had accepted the employment and entered upon the discharge of his duties, could not be discharged by the county, even if the employment extended beyond the terms of the commissioners, criticised by King County v. U.S.M. S. Ins. Co., 150 Wn. 626,633, 274 P. 704.
Curry v. Catlin, 9 Wn. 495, 37 P. 678, 39 P. 101, criticised by Merritt v. Newkirk, 155 Wn. 517, 524,285 P. 442, in matter of right of a judgment creditor of the husband to maintain a proceeding to make the judgment conclusive against the marital community.
Compton v. Westerman, 150 Wn. 391, 396, 273 P. 524, reiterates rule enunciated in Ward v. Magaha, 71 Wn. 679,129 P. 395 (which overruled Neis v. Farquharson, 9 Wn. 508,37 P. 697), that the bar of the statute of nonclaim in the settlement of estates may be raised at any time.
McMaster v. Advance Thresher Co., 10 Wn. 147, 38 P. 760, overruled by State ex rel. Seattle Baseball Club v. SuperiorCourt, 193 Wn. 326, 75 P.2d 929, and criticised by Stateex rel. U.S. Trust Co. v. Phillips, 12 Wn.2d 308, 319,121 P.2d 360, in which we held that, when a corporation has been sued in the wrong county, the corporation should not seek a *Page 140 
writ of prohibition against the court wherein the action was erroneously commenced, but should seasonably apply for a change of venue to the proper county, under the same rules as are applicable to a natural person.
Woodbury v. Henningsen, 11 Wn. 12, 39 P. 243, which was overruled sub silentio by Teater v. Kings, 35 Wn. 138,76 P. 688, and Bain v. Thoms, 44 Wn. 382, 87 P. 504, on the question of what constitutes a general and what constitutes a special appearance, criticised by Matson v. Kennecott MinesCo., 101 Wn. 12, 23, 171 P. 1040.
Glover v. Rochester-German Ins. Co., 11 Wn. 143,39 P. 380, which held, in the matter of statutory arbitration and award, that an independent suit would lie to set aside a filed award and to enforce demands in disregard of it, criticised byState ex rel. Fancher v. Everett, 144 Wn. 592, 595,258 P. 486, which states that the case was overruled by Dickie Mfg. Co.v. Sound Const. Engr. Co., 92 Wn. 316, 159 P. 129.
Dewey v. South Side Land Co., 11 Wn. 210, 39 P. 368, questioned — overruled — by Deno v. Standard Furniture Co.,190 Wn. 1, 3, 66 P.2d 1158, which modifies the rule that notice of appeal must be served on all parties who appear in the action.
Washington Cent. Imp. Co. v. Newlands, 11 Wn. 212,39 P. 366, which enunciated the rule that, where one is in a position to ascertain the truthfulness of representations made by the defendant, and no fiduciary relationship exists, it is the plaintiff's duty to ascertain whether the representations are true, questioned — overruled — by Fischer v. Hillman, 68 Wn. 222,226, 122 P. 1016 (action for rescission of land contracts on ground of fraud), where we held that that rule had been mitigated by our later decisions, and, *Page 141 
". . . as we view it now, was probably not fully justified by the authorities extant at the time it was announced. It has been supplanted by the more reasonable and humane rule that a party will not be allowed to shield himself because the party with whom he was dealing was careless or too confiding, and that, while the state cannot stand in loco parentis to all its citizens, the crafty and designing will not be allowed, by cunning artifice tending to deceive the simple minded, to rob them of what justly belongs to them."
Elderkin v. Peterson, 8 Wn. 674, 36 P. 1089, and Birgev. Browning, 11 Wn. 249, 39 P. 643, which sustain the doctrine of nonliability of the subscriber even as against the rights of creditors unless the full amount of the capital stock had been subscribed, and were sub silentio overruled by Cox v.Dickie, 48 Wn. 264, 93 P. 523, questioned by NationalRealty Co. v. Neilson, 73 Wn. 89, 95, 131 P. 446.
Hays v. Dennis, 11 Wn. 360, 39 P. 658, questioned byStrickland v. Rainier Golf Country Club, 156 Wn. 640, 643,287 P. 900.
Willamette Casket Co. v. Cross Undertaking Co., 12 Wn. 190,40 P. 729, questioned, as follows, by Olsen v. Smith,84 Wn. 228, 231, 146 P. 572:
"The appellant's argument, based upon our recent decision inPacific Coast Biscuit Co. v. Perry, 77 Wn. 352, 137 P. 483, overruling Willamette Casket Co. v. Cross Undertaking Co.,12 Wn. 190, 40 P. 729, is therefore stillborn. It lacks the vitalizing element of analogy in the relation of the parties there and the parties here to the respective subject-matters. In the Perry case, we held that, though Rem. Bal. Code, § 3660 (P.C. 340, § 67), provides that a chattel mortgage is void as against creditors unless recorded, an unrecorded chattel mortgage is valid as between the parties and creditors subsequent to its execution who had acquired no specific lien upon the property up to the time when the mortgage was finally filed for record. This, on the specific ground that the belated filing *Page 142 
of the old mortgage had the same effect, as against general creditors, that a new mortgage executed and filed on that day would have had. It therefore took precedence over the claims of general creditors who had acquired no lien upon any specific property, though they had extended a general credit in the interval between the making and the filing of the chattel mortgage. The clear inference from this reasoning is that had these general creditors acquired, in the interim, any sort of lien upon the specific property, they would have been preferred to the lien of the chattel mortgage. In the case here, the laborers had acquired, in the interim, subsisting rights of liens upon the specific property. They do not fall within the statutory nonpreferred class of lienless general creditors."
Bower v. Bower, 5 Wn. 225, 31 P. 598; In re Barker'sEstate, 5 Wn. 390, 31 P. 976; Hill v. Hill, 7 Wn. 409,35 P. 360; and Purdy v. Davis, 13 Wn. 164, 42 P. 520, overruled by Gehlen v. Gehlen, 77 Wn. 17, 137 P. 312. SeeIn re Harper's Estate, 168 Wn. 98, 102, 10 P.2d 991,15 P.2d 1119.
State v. Murphy, 13 Wn. 229, 43 P. 44, overruled byState v. Ash, 68 Wn. 194, 122 P. 995, 39 L.R.A. (N.S.) 611, and questioned by State v. Hiatt, 187 Wn. 226, 236,60 P.2d 71, where we held that a verdict of guilty of manslaughter is not an acquittal of the higher degrees of homicide, and, on reversal, the defendant may be again tried.
In Olive Co. v. Meek, 103 Wn. 467, 468, 175 P. 33, (Judge Holcomb speaking for the court) we held, questioning Powell v.Pugh, 13 Wn. 577, 43 P. 879, that the principle of staredecisis will not be invoked when to do so perpetuates injustice and impairs statutory rights of property. In Culliton v. Chase,174 Wn. 363, 25 P.2d 81, this court, speaking through Judge Holcomb, said:
"In future cases, even a dissenting justice should be bound by the decision of the majority until and unless *Page 143 
authoritatively overruled or reversed by some higher tribunal."
See Jensen v. Henneford, 185 Wn. 209, 225, 53 P.2d 607.
In Weiss v. Swedish Hospital, 16 Wn.2d 446,133 P.2d 978, we refused to abrogate the judicially promulgated rule as to nonliability of hospitals for torts, despite the clear, cogent,convincing reasons advanced for such abrogation in concurring opinion in Miller v. Sisters of St. Francis, 5 Wn.2d 204,105 P.2d 32. The opinion was filed too late in 1941 to write an opinion and bring the question to attention of the 1941 session of the legislature. The opinion was not written until too late in 1943 to afford time for consideration of that important question by the 1943 session of the legislature.
In Tacoma v. Fox, 158 Wn. 325, 290 P. 1010, we overruledState ex rel. Richey v. Smith, 42 Wn. 237, 84 P. 851, 114 Am. St. 114, 7 Ann. Cas. 577, 5 L.R.A. (N.S.) 674 (written a quarter of a century earlier), and held that a city ordinance which prohibited engaging in the trade of a journeyman plumber without first obtaining a license upon establishing competency before an examining board, is within the police power of the city as a regulation for the preservation of the health and welfare of the public.
In Parrish v. West Coast Hotel Co., 185 Wn. 581,55 P.2d 1083, 300 U.S. 379, 81 L.Ed. 703, 57 S.Ct. 578, we sustained the constitutionality of Laws of 1913, chapter 174, fixing a minimum wage for women and children, in defiance of the United States supreme court's declaration that such statutes were invalid as they authorized an unconstitutional interference with the freedom of contract.
Powell v. Superior Portland Cement, Inc., 15 Wn.2d 14,129 P.2d 536, overruled our prior opinions (see *Page 144 Hardin v. Olympic Portland Cement Co., 89 Wn. 320,154 P. 450, and Bartel v. Ridgefield Lbr. Co., 131 Wn. 183,229 P. 306, in which we reviewed the authorities) and, contrary to the so-called (the numerical) weight of authority, held that one who purchases property in an industrial community is not entitled to compensation because of dust inseparable from industrial activity in that community.
In State v. Much, 156 Wn. 403, 287 P. 57, followed byState v. McCollum, 17 Wn.2d 85, 136 P.2d 165, we received in evidence articles procured by the officers without the authority of a search warrant in contravention of the defendant's constitutional rights (Washington state const., Art. I, § 7), and in defiance of the statute (Rem. Rev. Stat., § 2240-1 [P.C. § 9358-1]), which prohibits the entry and search of any private dwelling-house or place of residence without the authority of a lawfully issued search warrant. Our research has not disclosed that any English speaking court, other than this court, has ever held, in the face of such constitutional and/or statutory prohibitions as ours, that the introduction in evidence of articles obtained as in the two cases cited, was not prejudicially erroneous, entitling the defendant to a new trial.
Safeway Stores v. Retail Clerks' Union, 184 Wn. 322,51 P.2d 372; Blanchard v. Golden Age Brewing Co., 188 Wn. 396,63 P.2d 397; Adams v. Building Service Employees Union,197 Wn. 242, 84 P.2d 1021; Fornili v. Auto Mechanics' Union,200 Wn. 283, 93 P.2d 422; United Union Brewing Co. v.Beck, 200 Wn. 474, 93 P.2d 772; Bloedel Donovan Lbr. Millsv. International Wood Workers, 4 Wn.2d 62, 102 P.2d 270; and Shively v. Garage Employees, 6 Wn.2d 560,108 P.2d 354, which held contrary to Meadowmoor Dairies v. Milk WagonDrivers' Union, 371 Ill. 377, 21 N.E.2d 308, and Swing v.American *Page 145 Federation of Labor, 372 Ill. 91, 22 N.E.2d 857,312 U.S. 321, 61 S.Ct. 568, were overruled by O'Neil v. Building Serviceetc. Union, 9 Wn.2d 507, 115 P.2d 662.
Purdy v. State, 199 Wn. 638, 92 P.2d 880, and the cases upon which it rests (Snively v. State, 167 Wn. 385,9 P.2d 773; Smith v. State, 184 Wn. 58, 50 P.2d 32; Lefevre v.Washington Monument Cut Stone Co., 195 Wn. 537,81 P.2d 819; Best v. State, 153 Wn. 168, 279 P. 388; and Proctorv. Sim, 134 Wn. 606, 236 P. 114), overruled by WashingtonSecurity Co. v. State, 9 Wn.2d 197, 114 P.2d 965.
Cerf, Schloss Co. v. Wallace, 14 Wn. 249, 44 P. 264, questioned by Armour Co. v. Becker, 167 Wn. 245, 250,9 P.2d 63.
Tacoma v. Krech, 15 Wn. 296, 46 P. 255, 34 L.R.A. 68, overruled by State v. Nichols, 28 Wn. 628, 69 P. 372, which held Sunday laws were valid, and criticised by Seattle v.Gervasi, 144 Wn. 429, 430, 258 P. 328.
Cornell University v. Denny Hotel Co., 15 Wn. 433,46 P. 654, which held that notice of appeal must be served on all parties who appeared in the action, questioned — overruled — byDeno v. Standard Furniture Co., 190 Wn. 1, 3,66 P.2d 1158.
Jones v. St. Paul M. M.R. Co., 16 Wn. 25, 47 P. 226, questioned — overruled — by Sholin v. Skamania Boom Co.,56 Wn. 303, 308, 105 P. 632. We said:
"In Jones v. St. Paul M. M.R. Co., supra, this court followed the extreme views of the supreme judicial court of Massachusetts, and held that the owner of a steamboat accustomed to navigate a river could not recover damages caused by an obstruction to navigation, compelling him to tie up his boat for several days. This case is in conflict with many decisions of this court and is opposed to the weight of authority." *Page 146 
 State ex rel. Denny v. Bridges, 19 Wn. 44, 52 P. 326, 40 L.R.A. 593, criticised by State ex rel. L.A. Conner Co. v.Superior Court, 184 Wn. 127, 133, 50 P.2d 527, in which we stated the Denny case was expressly overruled by State ex rel.Bloedel-Donovan Lbr. Mills v. Savidge, 144 Wn. 302,258 P. 1.
State ex rel. Grinsfelder v. Spokane St. R. Co., 19 Wn. 518,53 P. 719, 67 Am. St. Rep. 739, 41 L.R.A. 515, questioned by Schwede v. Hemrich Bros. Brewing Co., 29 Wn. 21, 26,69 P. 362.
State v. McCormick, 20 Wn. 94, 54 P. 764, where we held that a new trial should be granted because, with the consent of the court, the bailiff was permitted to hand a juror two unopened letters, questioned by State v. Adamo, 128 Wn. 419, 423,223 P. 9, as having been, in effect, repudiated in State v.Pepoon, 62 Wn. 635, 114 P. 449.
In Catlin v. Mills, 140 Wn. 1, 5, 247 P. 1013, we questioned Stubblefield v. McAuliff, 20 Wn. 442, 55 P. 637, and held that a payment of interest by the husband upon a community note after the statutory period of limitation had run revives the note as against the community in view of Rem. Comp. Stat., §§ 6892, 6893, conferring upon the husband the management and control of the community property and making him the community agent. We said:
"Some justification for the contrary view is discoverable in the early case in this court of Stubblefield v. McAuliff,20 Wn. 442, 55 P. 637, the syllabus of which makes the statement that where a note secured by a mortgage on community realty has been executed by a man and wife, payments of interest by the husband without the authority of the wife, after maturity of the note, does not extend the time of running of the statute of limitations as against her. The opinion itself does not justify this syllabus, for, from the opinion, it appears that the note was the separate obligation of *Page 147 
the husband and that the community had mortgaged community property to secure that obligation, and that what was decided was that, where the property of the community had been mortgaged to secure the separate debt of the husband, the wife then occupied merely the position of a surety and was not bound by the husband's act in renewing his separate obligation. That conclusion may be correct. But in so far as there may be contained in the Stubblefield case language covering the situation in the case at bar, such language does not express the opinion of this court and the case is no authority for a rule differing from that stated in this opinion."
Kiser v. Douglas County, 70 Wn. 242, 243, 126 P. 622, criticises Hoexter v. Judson, 21 Wn. 646, 59 P. 498, andRose v. Pierce County, 25 Wn. 119, 64 P. 913, for holding that a claim or demand of a purely equitable nature and upon which a prayer for a restraining order is based, requires presentation to the county commissioners for allowance before any action can be brought thereon.
White v. Miley, 137 Wn. 80, 84, 241 P. 670 (an action in replevin), criticises Dow v. Dempsey, 21 Wn. 86, 57 P. 355, as follows:
"It is said, however, by the respondents that, in no event, will this replevin action lie, for the reason that the appellant knew that the respondents did not have possession of the hooks when this action was brought; and the case of Dow v. Dempsey,21 Wn. 86, 57 P. 355, is cited to that effect. This court has modified the rule as originally announced in the case of Dow v.Dempsey, supra, and has held in Andrews v. Hoeslich, 47 Wn. 220,91 P. 772, 125 Am. St. 896, 18 L.R.A. (N.S.) 1265, andGourley v. Smith, 78 Wn. 286, 139 P. 58, in the former of which cases many authorities are cited,
" that the rule that an action to recover the possession of personal property does not lie against one not in possession of the property does not obtain where the defendant had been in possession and wrongfully *Page 148 
disposed of the property prior to the commencement of the action, without the knowledge of the plaintiff at the time.'"
McDonald v. Davey, 22 Wn. 366, 60 P. 1116, sub silentio
overruled by Armour Co. v. Western Const. Co., 36 Wn. 529,78 P. 1106, questioned by Forsyth v. New York Indemnity Co.,159 Wn. 318, 323, 293 P. 284. See, also, Puget Sound StateBank v. Gallucci, 82 Wn. 445, 144 P. 698, Ann. Cas. 1916A 767, and Title G. S. Co. v. First Nat. Bank, 94 Wn. 55,162 P. 23.
Northern Pac. R. Co. v. Nelson, 22 Wn. 521, 61 P. 703, questioned by State ex rel. Roseburg v. Mohar, 169 Wn. 368,376, 13 P.2d 454, in the following language:
"The case cited does support appellant's contention, but, unfortunately for him, that case was reversed on appeal to the United States supreme court, where it was held that the date of filing the map of definite location, and not the date of filing the map of general route, marked the time as of which rights to the property were to be determined. Nelson v. Northern PacificRailway Co., 188 U.S. 108, 47 L.Ed. 506, 23 S.Ct. 302. We are, of course, controlled by that decision."
Bancroft-Whitney Co. v. Gowan, 24 Wn. 66, 63 P. 1111,sub silentio overruled by Nettleton v. Evans, 67 Wn. 227,121 P. 54, and Roche Fruit Produce Co. v. Vaught, 143 Wn. 601,255 P. 955, questioned, and expressly overruled, bySpokane Security Finance Co. v. Crowley Lbr. Co., 152 Wn. 697,698, 279 P. 103, in which we held that a chattel mortgage, giving the mortgagee a present right of possession, does not entitle him to maintain an action of replevin; however, a mortgagee of chattels may maintain an action for the conversion of the mortgaged property.
State v. Boyce, 24 Wn. 514, 64 P. 719, and State v.Farris, 26 Wn. 205, 66 Wn. 412, questioned by *Page 149 State v. Riley, 36 Wn. 441, 447, 78 P. 1001, in which we held that jurors who have formed opinions regarding the guilt or innocence of the accused, which it would take evidence to remove, are disqualified, notwithstanding that they can, or believe they can, disregard such opinions and try the case according to the law and the evidence, and overruling challenges for cause to such jurors deprives the accused of a trial before a fair and impartial jury.
State v. Bliss, 27 Wn. 463, 68 P. 87, sub silentio
overruled by State v. Butts, 42 Wn. 455, 85 P. 33, andState v. McCormick, 56 Wn. 469, 105 P. 1037, questioned andexpressly overruled by State v. Laws, 61 Wn. 533, 534,112 P. 488, in which we held that an information is not bad for duplicity in that it charges the stealing of specified articles from the persons of, and belonging to, two parties, where primafacie, both occurred at the same time and place and constituted but a single transaction.
State v. Farris, 26 Wn. 205, 66 P. 412, questioned byState v. Riley, 36 Wn. 441, 447, 78 P. 1001.
Copland v. Pirie, 26 Wn. 481, 67 P. 227, 90 Am. St. 769, and State ex rel. Arnold v. Mitchell, 55 Wn. 513,104 P. 791, questioned by In re Peterson's Estate, 182 Wn. 29, 32,45 P.2d 45, as having been overruled, as pointed out inHolzman v. Spokane, 91 Wn. 418, 157 P. 1086.
In re Alfstad's Estate, 27 Wn. 175, 67 P. 593, questioned by In re Kelley, 193 Wn. 109, 113, 74 P.2d 904.
State ex rel. Dudley v. Daggett, 28 Wn. 1, 68 P. 340, in which the court assumed jurisdiction of an appeal from a judgment in a mandamus action where the amount was less than two hundred dollars, overruled by State ex rel. Plaisie v. Cole, 40 Wn. 474, *Page 150 
82 P. 749, and questioned by Smith v. Baughman, 192 Wn. 51,72 P.2d 295.
In re Macdonald's Estate, 29 Wn. 422, 69 P. 1111, which held that, where an estate is being administered under a nonintervention will, it was not a condition precedent to a suit to file a claim against an estate, questioned by Horton v.McCord, 158 Wn. 563, 566, 291 P. 717, as of no controlling force under our probate code of 1917 as pointed out in Davis v.Shepard, 135 Wn. 124, 237 P. 21. See Alexander v.Highfill, 118 Wn. Dec. 682, 140 P.2d 277.
Walters v. Field, 29 Wn. 558, 70 P. 66, criticised byMatson v. Kennecott Mines Co., 101 Wn. 12, 24, 171 P. 1040.
Burgert v. Caroline, 31 Wn. 62, 71 P. 724, 96 Am. St. 889, sub silentio overruled by Vietzen v. Otis, 63 Wn. 411,115 P. 858, and questioned by Olson v. Chapman, 4 Wn.2d 522,535, 104 P.2d 344.
In Hynek v. Seattle, 7 Wn.2d 386, 111 P.2d 247, the dissenting judges contended that the majority abandoned the rule that where, on a controverted question of fact, there is evidence, or there are justifiable inferences from evidence, upon which reasonable minds might reach different conclusions, the question becomes one of fact for the jury, and not for the court to decide and disregarded Rieger v. Kirkland, 7 Wn.2d 326,111 P.2d 241; Art. I, § 21, state constitution; Hoyer v.Spokane United Railways, 153 Wn. 450, 279 P. 742; Hohman v.Seattle, 179 Wn. 663, 38 P.2d 242; and other opinions of this court. See Hines v. Chicago, M. St. P.R. Co., 105 Wn. 178,177 P. 795; Poland v. Seattle, 200 Wn. 208,93 P.2d 379; Beck v. Dye, 200 Wn. 1, 92 P.2d 1113, 127 A.L.R. 1022.
State v. Croney, 31 Wn. 122, 71 P. 783, questioned byState v. Riley, 36 Wn. 441, 447, 78 P. 1001, *Page 151 
in which we stated that we had not intended to lay down the rule that jurors who had both formed and expressed an opinion upon the question of the guilt of the defendant were not subject to challenge for actual bias.
Bolton v. LaCamas Water Power Co., 10 Wn. 246,38 P. 1043, which held that the homestead was the separate property of the surviving spouse to whom patent was issued, we stated inDavies v. Metropolitan Life Ins. Co., 189 Wn. 138, 140,63 P.2d 529, was
". . . for a long time of doubtful authority, for possibly two reasons: (a) It was handed down by a divided court; (b) subsequently, in two cases (Ahern v. Ahern, 31 Wn. 334,71 P. 1023, 96 Am. St. 912; Cox v. Tompkinson, 39 Wn. 70,80 P. 1005), the court held homesteads to be community property under states of facts very similar to those with which we are here confronted.
"But in Cunningham v. Krutz, 41 Wn. 190, 83 P. 109, 7 L.R.A. (N.S.) 967, this court again held that a homestead was the separate property of the surviving husband, to whom patent issued. This decision was based primarily upon the decision of the United States supreme court in McCune v. Essig,199 U.S. 382, 26 S.Ct. 78."
Ahern v. Ahern, 31 Wn. 334, 71 P. 1023, 96 Am. St. 912, and Cox v. Tompkinson, 39 Wn. 70, 80 P. 1005, in conflict with Bolton v. LaCamas Water Power Co., 10 Wn. 246,38 P. 1043, and Cunningham v. Krutz, 41 Wn. 190, 83 P. 109, 7 L.R.A. (N.S.) 967. See Davies v. Metropolitan Life Ins. Co.,189 Wn. 138, 140, 63 P.2d 529.
In Stone-Easter v. Seattle, 121 Wn. 520, 526, 209 P. 687, 215 P. 56, we held that, the supreme court not having appellate jurisdiction where the original amount in controversy does not exceed two hundred dollars, sureties on a cost bond in the superior court *Page 152 
for two hundred dollars, not being entitled to appeal to the supreme court in case of judgment against them, are not necessary parties to an appeal by the adverse party from a judgment in favor of the principal on the cost bond. We criticised prior cases as follows:
"It must be conceded that the decisions heretofore rendered by this court in the following cost bond cases, if to be followed, without thought of the constitutional limitation upon the appellate jurisdiction of this court, are all but conclusive in support of the decision rendered by the Department of this court on October 13, 1922. Cline v. Mitchell, 1 Wn. 24,23 P. 1013, involving the claimed rights of sureties upon a justice court cost bond for the sum of $100, as prescribed by § 1859, Code of 1881, then in force; and Pierce v. Commercial InvestmentCo., 31 Wn. 655, 72 P. 473; O'Connor v. Lighthizer,34 Wn. 152, 75 P. 643; Aetna Ins. Co. v. Thompson, 34 Wn. 610,76 P. 105; Brockway v. Abbott, 34 Wn. 700,74 P. 1069; Trumbull v. Jefferson County, 37 Wn. 604, 79 P. 1105; and Shippen v. Shippen, 91 Wn. 610, 158 P. 247, involving superior court cost bonds securing costs `not exceeding the sum of two hundred dollars,' as provided by § 495, Rem. Comp. Stat. [P.C., § 7476], in force during the time of the rendering of all of those decisions."
Wax v. Northern Pac. R. Co., 32 Wn. 210, 73 P. 380, questioned — overruled — by Deno v. Standard Furniture Co.,190 Wn. 1, 3, 66 P.2d 1158.
State v. Durbin, 32 Wn. 289, 73 P. 373, questioned, as follows, by State v. Wickstrom, 92 Wn. 503, 506,159 P. 753.
"The case of State v. Durbin, 32 Wn. 289, 73 P. 373, is cited as sustaining the contention that the dismissal of the action in the justice court bars further prosecution, because it was there held that, where a defendant had been charged with a minor offense which was included within a greater, and the action dismissed, a subsequent prosecution for the greater *Page 153 
offense, upon the trial of which the defendant might be convicted of the minor with which he had been previously charged, could not be maintained. It must be admitted that the case supports this contention if the statute there being construed was the same as the present statute, and if that decision has not been subsequently modified. The statute upon which that case was based is general in its terms, while the present statute is specific and definite, and provides in express language when a dismissal will work a bar and when it will not. The difference in language in the two statutes is such that the holding in that case would not now be controlling."
Davis v. Tacoma R. P. Co., 35 Wn. 203, 77 P. 209, 66 L.R.A. 802, questioned — overruled — by Deno v. StandardFurniture Co., 190 Wn. 1, 3, 66 P.2d 1158.
State v. Ide, 35 Wn. 576, 77 P. 961, 102 Am. St. 914, 67 L.R.A. 280, which held that an ordinance levying an annual street poll tax was invalid, overruled by Tekoa v. Reilly, 47 Wn. 202,91 P. 769, 13 L.R.A. (N.S.) 901, and questioned by Stateex rel. McMannis v. Superior Court, 92 Wn. 360, 362,159 P. 383.
In re Sullivan's Estate, 36 Wn. 217, 78 P. 945, which held that an allowance for attorney's fees cannot be made to the attorney, but must be made to the administrator or executor, explained as follows in In re Peterson's Estate, 12 Wn.2d 686,730. 123 P.2d 733:
"That case was decided, however, before the enactment of our present statutory provision, Rem. Rev. Stat., § 1528 [P.C. § 9790], which declares that:
"`. . . In all cases where it is necessary for such executor or administrator to employ an attorney, such attorney shall beallowed such compensation as to the court shall seem just and reasonable.' (Italics ours.)" *Page 154 
 Trumbull v. Jefferson County, 37 Wn. 604, 79 P. 1105, questioned by Stone-Easter v. Seattle, 121 Wn. 520, 526,209 P. 687, 215 P. 56.
West Seattle v. West Seattle Land Imp. Co., 38 Wn. 359,80 P. 549, explained by Gustaveson v. Dwyer, 83 Wn. 303,305, 145 P. 458, where we held that the immunity which protects taxes from the operation of the statute of limitations extends to property acquired by the county at a tax sale.
Mullin v. Northern Pac. R. Co., 38 Wn. 550, 80 P. 814, which restricts the doctrine of nonliability of the master for negligent acts of fellow servants, questioned — overruled — byGrim v. Olympia Light Power Co., 42 Wn. 119, 124,84 P. 635.
Anderson v. Hilker, 38 Wn. 632, 80 P. 848, questioned byDavis v. Thurston County, 119 Wn. 414, 418, 205 P. 840.
Smith v. St. Paul, M. M.R. Co., 39 Wn. 355, 81 P. 840, 109 Am. St. 889, 70 L.R.A. 1018, which was sub silentio
overruled by DeKay v. North Yakima V.R. Co., 71 Wn. 648,129 P. 574, questioned by Taylor v. Chicago, M. St. P.R.Co., 85 Wn. 592, 595, 148 P. 887, where we held that the jarring of buildings, the casting of smoke, sparks, and soot on premises, and the emission of gases and fumes, necessarily incident to the ordinary operation of a railroad through a city, which results in depreciating the value of neighboring property is damnum absque injuria, in the absence of negligence on the part of the railroad company. Cf. Powell v. Superior PortlandCement, Inc., 15 Wn.2d 14, 129 P.2d 536, Hardin v.Olympic Portland Cement Co., 89 Wn. 320, 154 P. 450, andBartel v. Ridgefield Lbr. Co., 131 Wn. 183, 229 P. 306.
Jensen v. Cooks' Waiters' Union, 39 Wn. 531,81 P. 1069, 4 L.R.A. (N.S.) 302; St. Germain v. Bakery *Page 155 Confectionery Workers' Union, 97 Wn. 282, 166 P. 665, L.R.A. 1917F, 824; Baasch v. Cooks Union, 99 Wn. 378,169 P. 843; and Danz v. American Federation of Musicians,133 Wn. 186, 233 P. 630, in which we held "picketing," peaceful or otherwise, to be unlawful, are in conflict with Adams v.Local No. 400 of Cooks, etc., 124 Wn. 564, 215 P. 19, andSterling Chain Theaters v. Central Labor Council, 155 Wn. 217,283 P. 1081, and were, in effect, overruled by Kimbel v.Lumber Sawmill Workers' Union, 189 Wn. 416, 65 P.2d 1066. Cf. Yakima v. Gorham, 200 Wn. 564, 94 P.2d 180.
State v. Strodemier, 41 Wn. 159, 83 P. 22, 111 Am. St. 1012, questioned by State v. Navone, 180 Wn. 121, 131,39 P.2d 384.
Cunningham v. Krutz, 41 Wn. 190, 83 P. 109, 7 L.R.A. (N.S.) 967, and Bolton v. LaCamas Water Power Co., 10 Wn. 246,38 P. 1043, in which we held that a homestead was the separate property of the surviving spouse to whom patent was issued, are in conflict with Ahern v. Ahern, 31 Wn. 334,71 P. 1023, 96 Am. St. 912, and Cox v. Tompkinson, 39 Wn. 70,80 P. 1005. See Davies v. Metropolitan Life Ins. Co.,189 Wn. 138, 140, 63 P.2d 529.
Postel v. Seattle, 41 Wn. 432, 83 P. 1025, which was subsilentio overruled by Kincaid v. Seattle, 74 Wn. 617,134 P. 504, 135 P. 820, questioned by Casassa v. Seattle,75 Wn. 367, 370, 134 P. 1080; Wong Kee Jun v. Seattle,143 Wn. 479, 505, 255 P. 645; and State v. Williams, 12 Wn.2d 1,12, 120 P.2d 496.
State ex rel. Richey v. Smith, 42 Wn. 237, 84 P. 851, 114 Am. St. 114, 7 Ann. Cas. 577, 5 L.R.A. (N.S.) 674, which was overruled by Tacoma v. Fox, 158 Wn. 325, 290 P. 1010, we held in Lund v. Bruflat, 159 Wn. 89, 90, 292 P. 112, was no longer authority. *Page 156 
 State ex rel. Dill v. Martin, 45 Wn. 76, 87 P. 1054, in which costs were allowed against the state to the prevailing parties on appeal, questioned by Washington Recorder Pub. Co. v.Ernst, 1 Wn.2d 545, 551, 97 P.2d 116.
Brandt v. Little, 47 Wn. 194, 91 P. 765, 14 L.R.A. (N.S.) 213, questioned as follows by John Hancock Mut. Life Ins. Co. v.Gooley, 196 Wn. 357, 377, 83 P.2d 221:
"Respondent's main reliance is upon the case of Brandt v.Little, 47 Wn. 194, 91 P. 765, 14 L.R.A. (N.S.) 213, which was an action in equity to vacate a judgment, upon the ground that in the original action no process was served upon the plaintiff in the case cited, who was one of the defendants in the original suit. A demurrer was sustained to the complaint attacking the judgment in the prior cause, upon the ground that the complaint contained no allegation to the effect that any defense upon the merits to the original cause of action existed. On appeal from the judgment dismissing the action, this court affirmed the judgment of the trial court, stating the general rule to be that,
"`In cases where an independent action is brought in equity to set aside the judgment complained of — especially where the defect of jurisdiction does not appear upon the face of the record — it is necessary to make a showing that the party has, or at the time of the entering of the judgment complained of did have, a good and sufficient defense, in whole or in part, to the action, and that a different result would or should have been obtained had the complainant had an opportunity to defend in said action.'
"It was held that the rule was applicable to the case then before the court.
"The Brandt case was considered by this court in the case ofLushington v. Seattle Auto Driving Club, supra. It was there distinguished, this court saying:
"`It is true that the Brandt case contains some expressions which might give color to appellant's contention, *Page 157 
but when we remember that that was an equity case, and that the rule for vacating or modifying judgments in equity still prevails, although possibly without reason under our present forms of practice, and that the original distinctions affecting procedure in vacating judgments at law and in equity have been preserved, it will be understood that that case cannot be held to be controlling in this one.'"
Seattle v. Northern Pac. R. Co., 47 Wn. 552, 92 P. 411, questioned by Seattle v. John C. Regan Co., 52 Wn. 262,268, 100 P. 731.
Housekeeper v. Livingstone, 48 Wn. 209, 93 P. 217, questioned as follows by Stimson Mill Co. v. Feigenson Engr.Co., 100 Wn. 172, 180, 170 P. 573:
"Housekeeper v. Livingstone, 48 Wn. 209, 93 P. 217, is cited as authority to the effect that, where improvements are made upon leased ground with the knowledge of the owner of the fee, his interest will be subject to a lien unless he expressly notifies the lien claimant to the contrary. But the rule in that case was overcome — indeed, we may assume that the decision of the court prompted the legislature to pass an act putting the burden of written notice upon a materialman. The act provided that `no materialman's lien shall be enforced unless the provisions of this act have been complied with.' Laws of 1909, p. 71, § 1; Laws of 1911, p. 376, § 1 (Rem. Code, § 1133)."
In Skansi v. Novak, 84 Wn. 39, 146 P. 160, we questionedJohnson v. Conner, 48 Wn. 431, 93 P. 914, and Moore v.Brownfield, 7 Wn. 23, 34 P. 199, which were overruled, in so far as they hold the contrary, by McNaught-Collins Imp. Co. v.May, 52 Wn. 632, 101 P. 237, and State v. Sturtevant,76 Wn. 158, 135 P. 1035, 138 P. 650, and held that an entry on and possession of land, under the mistaken belief that it is public land, will not have the effect of disseizing the true owner; that such possession is subservient *Page 158 
to the public right, hence it is not hostile or adverse to the true owner.
State v. Preston, 49 Wn. 298, 95 P. 82, questioned byState v. Smiley, 167 Wn. 342, 345, 9 P.2d 370, in which we held that an instruction which used the phrase "gambling games" instead of "gambling resorts" was not erroneous.
Cable v. Spokane I.E.R. Co., 50 Wn. 619, 97 P. 744, 23 L.R.A. (N.S.) 1224, reviewed as follows by Haaga v. SaginawLogging Co., 169 Wn. 547, 551, 14 P.2d 55:
"In the Cable case, the court recognized the rule that, ordinarily, the contributory negligence of the driver is not imputable to the passenger, unless the latter has, or is in a position to have, and exercise some control over the driver, but the court nevertheless held that the plaintiff, a girl seventeen years of age, was subject to the general rule of `stop, look and listen,' and in the absence of any showing that she endeavored to stop the horse which her father was driving, or do something for her own protection, or that she was prevented from so doing, she would be subject to the rule. However, the strict application of the rule was later ameliorated by this court in Wilson v. PugetSound Electric Railway, 52 Wn. 522, 101 P. 50, 132 Am. St. 1044, in the following language:
"`It would certainly be an extreme case where the court would be warranted in announcing, as a rule of law, that a passenger in an automobile was required to warn, advise, or direct its driver, or to apply to such passenger the doctrine of "stop, look and listen." We are impressed with the statement of the learned counsel of the respondent, that ordinarily the only obligation on such passenger is to "sit tight."'
"It is but fair to say that in the Sadler case, supra, this court, referring to the Wilson case, repudiated the `sit tight' doctrine except in emergency cases, although it did not overrule the decision itself." *Page 159 
 State v. Pilling, 53 Wn. 464, 102 P. 230, 132 Am. St. 1080, questioned by State v. Bradley, 190 Wn. 538, 543,69 P.2d 819.
State v. Burns, 54 Wn. 113, 102 P. 886; State v.Preston, 49 Wn. 298, 95 P. 82; and State v. Gaasch,56 Wn. 381, 105 P. 817, questioned by State v. Smiley,167 Wn. 342, 345, 9 P.2d 370.
State ex rel. Arnold v. Mitchell, 55 Wn. 513, 104 P. 791, and Copland v. Pirie, 26 Wn. 481, 67 P. 227, 90 Am. St. 769, questioned by In re Peterson's Estate, 182 Wn. 29, 32,45 P.2d 45, as no longer the law of this state, as was pointed out in Holzman v. Spokane, 91 Wn. 418, 157 P. 1086.
State v. Gaasch, 56 Wn. 381, 105 P. 817, questioned byState v. Smiley, 167 Wn. 342, 345, 9 P.2d 370.
State ex rel. Chealander v. Carroll, 57 Wn. 202,106 P. 748, questioned by State ex rel. Huff v. Reeves, 5 Wn.2d 637,642, 106 P.2d 729, as having been expressly overruled byState ex rel. McAulay v. Reeves, 196 Wn. 1, 81 P.2d 860.
State v. Seattle, 57 Wn. 602, 107 P. 827, 27 L.R.A. (N.S.) 1188, and O'Brien v. Wilson, 51 Wn. 52, 97 P. 1115, questioned by Gustaveson v. Dwyer, 83 Wn. 303, 305,145 P. 458, in which, in the view of the dissenters, we extended the immunity which protects taxes from the operation of the statute of limitations to property acquired by the county at a tax sale.
State v. McFarland, 60 Wn. 98, 110 P. 792, questioned in concurring opinion in Austin v. Seattle, 176 Wn. 654, 662,30 P.2d 646, as out of harmony with the general rule in holding penal provisions of hotel inspection fee statute invalid on the ground that the inspection fee constituted a "debt" within the meaning *Page 160 
of the constitutional provision prohibiting imprisonment for debt.
In Ransom v. Joseph E. Wickstrom Co., 84 Wn. 419, 422,146 P. 1041, where we held that the objection that a corporation, appearing as an adverse claimant to property levied upon, had not paid its annual license fee, is waived if not raised in trial court by demurrer, answer or reply; and it is not raised by motion for a new trial in the absence of a showing that the objection was advanced at that time, we questioned, as follows, North Star Trading Co. v. Alaska-Yukon-PacificExposition, 63 Wn. 376, 115 P. 855, which held, in effect, that this question might be effectually raised for the first time on appeal:
"That decision was overruled on a rehearing by the court EnBanc, the question being reported in 68 Wn. 457, 123 P. 605. We there held that an objection because of the failure to allege payment of the license fee, if not raised in the trial court by demurrer, answer or reply, would be considered waived. See, also,Rothchild Brothers v. Mahoney, 51 Wn. 633, 99 P. 1031;Eastman Co. v. Watson, 72 Wn. 522, 130 P. 1144. In the last case we said:
"`If the action is brought when the fee is in default, the action may be abated, upon proper showing, until the fee is paid. If no showing is made, the defendant waives the question.'
"The appellant urges that this was a statutory proceeding by affidavit to which no answer was required. The sufficiency of the affidavit was, however, in issue from the start. The appellant could and should have raised the question by a demurrer, either written or oral. It is also urged that the motion for a new trial was broad enough to include this objection. It is not pretended, however, that the objection now urged was ever advanced in the trial court even in argument. In the absence of such a showing, on the authority of the foregoing decisions, we must treat the objection as waived." *Page 161 
 Northwestern Mut. Life Ins. Co. v. Chehalis County Bank,65 Wn. 374, 118 P. 326, questioned by Elsom v. Gadd, 93 Wn. 603,605, 161 P. 483, 162 P. 867.
In Puget Mill Co. v. Kerry, 183 Wn. 542, 559,49 P.2d 57, we held, consistent with Delano v. Tennent, 138 Wn. 39,244 P. 273, 45 A.L.R. 766, which overruled sub silentioHarvard Inv. Co. v. Smith, 66 Wn. 429, 119 P. 864, that the assignee of a lease, who had expressly assumed the burden thereof, is liable for the full term of the lease.
Shea v. Skagit County, 68 Wn. 233, 122 P. 1061, questioned by Grant v. Evans, 163 Wn. 484, 486,1 P.2d 852, as no longer authoritative — "not in harmony with earlier and later cases decided by this court."
Collignon Co. v. Hammond Milling Co., 68 Wn. 626,123 P. 1083, questioned, as follows, by Northern G.W. Co. v.Northwest Trading Co., 117 Wn. 422, 425, 201 P. 903, 204 P. 202:
"It is appellant's argument that this case is governed by what this court said in the case of Collignon Co. v. HammondMilling Co., 68 Wn. 626, 123 P. 1083; and it quotes that part of the opinion which follows:
"`There is nothing in a c.i.f. sale differentiating it from other sales, so far as the question under consideration is concerned. The distinguishing feature of such a sale is that the contract price includes the costs of insurance and the freight to destination in addition to the invoice cost of the goods. An offer and acceptance on that basis, therefore, does not, more than in other sales, determine as between buyer and seller when or where the title to the goods passes from buyer to seller. That depends upon the intention of the parties to be determined as in other cases.'
"The expression of this court in that case is, if read literally, not supported by the authorities and has, in fact, been overruled by our decision in Andersen, Meyer Co. v.Northwest Trading Co., 115 Wn. 37, *Page 162 196 P. 630, where we had under consideration a `c.i.f.' contract. In the Collignon case, supra, a `c.i.f.' contract was considered without any reference to the English and American authorities which have passed upon this form of contract under the law merchant, and which have established, with scarcely a dissenting opinion anywhere, that a `c.i.f.' contract, although the term may be used in connection with the price of the commodities, yet affects the title on delivery. These contracts being so generally used have received a uniform interpretation, and it will not do to introduce confusion into commercial activities by establishing a rule which is inharmonious with the general custom of merchants throughout the trading world."
Knickerbocker Co. v. Seattle, 69 Wn. 336, 124 P. 920, where we held that an elevated roadway resting upon mud sills, piles and stringers was a permanent improvement, questioned byThorberg v. Hoquiam, 77 Wn. 679, 682, 138 P. 304, as follows:
"It was there insisted that a structure of wood was but a temporary improvement, and was intended to serve as a roadway only until such time as an earth fill could be made. We are not inclined to adopt the reasoning of the Knickerbocker case to the extent of holding that a plank roadway laid upon an ungraded street in a city is a permanent improvement as a matter of law; but where a grade is formally established, as was done in theKnickerbocker case (and here by adoption or estoppel), we think there can be no doubt of the proposition that a city would not be warranted in improving the street under the statutes permitting the creation of an assessment district and charging the cost of the improvement to the abutting property without giving the work some character of finality or permanence. Or, to state the proposition in another way, if a city improves a street under the special assessment plan and charges the cost thereof to the abutting property, the law will presume the formal adoption of a grade as against a subsequent change of grade on the part of the city. If not within the letter, this ruling is *Page 163 
clearly within the spirit of Rem. Bal. Code, § 7875 (P.C. 77 § 1167)."
Jorgenson v. Winter, 69 Wn. 573, 125 P. 957, questioned by In re Pfeiffer, 10 Wn.2d 703, 711, 118 P.2d 158, as statutory provision involved was thereafter repealed.
State v. Bennett, 71 Wn. 673, 129 P. 409, questioned byState v. Navone, 180 Wn. 121, 131, 39 P.2d 384, where we stated that during recent years the strict rule as to the necessity for the jury remaining absolutely together at all times has been somewhat relaxed.
Corman v. Sanderson, 72 Wn. 627, 131 P. 198, questioned by Easterbrooks v. Abrahams, 200 Wn. 636, 637,94 P.2d 486, as being in conflict with Enbody v. Hartford Accident Indemnity Co., 147 Wn. 237, 265 P. 734, in the matter of attorney's fees as costs for successful defense of an action of forcible entry and detainer.
Jorguson v. Seattle, 80 Wn. 126, 141 P. 334, questioned by Hamm v. Seattle, 143 Wn. 700, 255 P. 655, and questioned by State v. Williams, 12 Wn.2d 1, 12, 120 P.2d 496.
Creditors' Collection Ass'n v. Bisbee, 80 Wn. 358,141 P. 886, questioned as follows by Pacific Coast Adjustment Co. v.Reese, 189 Wn. 347, 348, 65 P.2d 1057:
"In Creditors Collection Ass'n v. Bisbee, 80 Wn. 358,141 P. 886, it was held that property selected in lieu of the animals listed in subd. 4 of § 563 must be of a like nature. This holding was reversed in Lemagie v. Acme Stamp Works, 98 Wn. 34,167 P. 60, which announced the existing rule that the householder may select money in lieu of the designated animals, or credits, or debts due, or any other kind of property whatsoever. Subsequently, it was held in Dean v. Opdycke,151 Wn. 504, 276 P. 545, that the exemptions granted *Page 164 
by § 563 may be claimed in garnishment proceedings. It follows, therefore, that, but for the existence of the proviso in § 703, a head of a family, whose wages are garnisheed, could claim as exempt both the twenty dollars per week provided in the body of that section and two hundred and fifty dollars under subd. 4 of § 563.
"The proviso has been included in our garnishment exemption statutes at all times since 1907. It survived an attack made on constitutional grounds more than twenty years ago in CreditorsCollection Ass'n v. Bisbee, supra. In concluding his opinion inIn re French, 250 Fed. 644, Judge Cushman said:
"`For, while Creditors' Collection Association v. Bisbee,80 Wn. 358, 141 P. 886, has been overruled in the matter of lieu exemptions, it has not been overruled in the holding therein made that section 703 containing the foregoing proviso, was in all respects constitutional.'"
State v. Morden, 87 Wn. 465, 151 P. 832, questioned byState v. Navone, 180 Wn. 121, 131, 39 P.2d 384, where we stated that, during recent years, the strict rule as to the necessity for the jury remaining absolutely together at all times has been somewhat relaxed.
Davies v. Maryland Cas. Co., 89 Wn. 571, 154 P. 1116, 155 P. 1035, questioned by Johnson v. McGilchrist, 174 Wn. 178,183, 24 P.2d 607, because contrary to the overwhelming weight of authority and overruled by Luger v. Windell, 116 Wn. 375,199 P. 760, 37 A.L.R. 641.
O'Meara v. Russell, 90 Wn. 557, 156 P. 550, L.R.A. 1916E 743, in conflict with Corcoran v. Postal Telegraph-Cable Co.,80 Wn. 570, 142 P. 29, L.R.A. 1915B, 552, questioned byKneass v. Cremation Society of Washington, 103 Wn. 521, 527,175 P. 172.
State v. Bates Rogers Const. Co., 91 Wn. 181,157 P. 482, questioned — overruled — by Reynolds v. Addison MillerCo., 143 Wn. 271, 279, 255 P. 110. *Page 165 
 Stertz v. Industrial Ins. Commission, 91 Wn. 588,158 P. 256, Ann. Cas. 1918B, 354, questioned by Blankenship v.Department of Labor and Ind., 180 Wn. 108, 112,39 P.2d 981.
Shippen v. Shippen, 91 Wn. 610, 158 P. 247, questioned byStone-Easter v. Seattle, 121 Wn. 520, 524, 209 P. 687, 215 P. 56, where we held that the supreme court not having appellate jurisdiction where the original amount in controversy does not exceed two hundred dollars, sureties on a cost bond in the superior court for two hundred dollars not being entitled to appeal to the supreme court in case of judgment against them, are not necessary parties to an appeal by the adverse party from a judgment in favor of the principal on the cost bond.
Peterson v. Chess, 92 Wn. 682, 159 P. 894, questioned as follows by Helf v. Hansen Keller Truck Co., 167 Wn. 206,209, 9 P.2d 110:
"We have not overlooked the case of Peterson v. Chess,92 Wn. 682, 159 P. 894, where it was held that the vendee of a motorcycle under a conditional sales contract could not recover for damages to the machine where it appeared that he had no interest therein at the time the action was commenced or at the time of the trial, the vendors having taken possession after the accident. But the rule of that case was abrogated by the case ofStotts v. Puget Sound Tr. L. P. Co., supra, holding that the rights of a vendee under a conditional sales contract are the same as those of a bailee of personal property, and the case ofBurnett v. Edw. J. Dunnigan, Inc., supra, to the effect that the vendee of an automobile under a conditional sales contract may maintain an action for its conversion even though, subsequent to the conversion and the institution of the action, the automobile had been repossessed by the vendor."
Standard Oil Co. v. Graves, 94 Wn. 291, 162 P. 558, questioned by Union Oil Co. v. State, 125 Wn. 327, *Page 166 
328, 216 P. 22, as the oil inspection fee statute was held unconstitutional as imposing a direct burden upon interstate commerce. See Standard Oil Co. v. Graves, 249 U.S. 389,63 L.Ed. 662.
St. Germain v. Bakery Confectionery Workers' Union,97 Wn. 282, 166 P. 665, L.R.A. 1917F, 824, questioned by Yakimav. Gorham, 200 Wn. 564, 568, 94 P.2d 180.
Jones v. Hoquiam Lbr. Shingle Co., 98 Wn. 172,167 P. 117, questioned by Seattle Ass'n of Credit Men v. General MotorsAcceptance Corp., 188 Wn. 635, 637, 63 P.2d 359.
Northwest Trust Safe Deposit Co. v. Butcher, 98 Wn. 158,167 P. 46, overruled by Union Central Life Ins. Co. v.Fischer, 169 Wn. 75, 77, 13 P.2d 889, and State ex rel.O'Brien v. Superior Court, 173 Wn. 679, 24 P.2d 117.
State v. Postal Telegraph-Cable Co., 101 Wn. 630,172 P. 902, questioned by State ex rel. Washington Motor Coach Co. v.Kelly, 192 Wn. 394, 409, 74 P.2d 16.
Ebling v. Nielsen, 109 Wn. 355, 186 P. 887, questioned byMorehouse v. Everett, 141 Wn. 399, 411, 252 P. 157, as having been modified by Ebling v. Nielsen, 113 Wn. 698,193 P. 569.
Schaefer v. E.F. Gregory Co., 112 Wn. 408, 192 P. 968, questioned as follows by Hubbard v. Grandquist, 191 Wn. 442,448, 71 P.2d 410:
"An ordinary contract for the sale of real estate vests no title in the vendee. It cannot be held that the making of such a contract, whereby the owner of a tract of land agrees to sell a portion of it to another, severs the title. As this court said in the case of Culmback v. Stevens, 158 Wn. 675, 291 P. 705:
"`Whatever this court may have said heretofore on the question of the effect of such contracts in Schaefer v. Gregory Co.,112 Wn. 408, 192 P. 968; Ashford *Page 167 v. Reese, 132 Wn. 649, 233 P. 29, or In re Kuhn's Estate,132 Wn. 678, 233 P. 293, we now say that it creates a right enforceable against the land which is the subject of the contract; a right which cannot be taken away by either the grantor in the contract or by any one, with notice of the contract, claiming under, by or through the grantor, unless for a breach of the conditions of the contract by the grantee.
"`It must follow that the interest in the property remaining in the grantors after the execution of the contract to the Richardsons was an incumbered title; that it was a legal title subject to be defeated absolutely by a performance of the contract on the part of the grantees, and subject to be reinstated in full on a breach of the contract. The real beneficial interest remaining in the grantors was the right to receive the payments as they fell due on the contract.'"
State ex rel. Wettrick v. Seattle, 115 Wn. 548,197 P. 782, which is contrary to our prior opinions that the payment of the salary of the disputed office to the de facto officer was not a wrongful payment, and that such payment absolved the municipality from liability to the de jure officer, questioned — overruled — by State ex rel. Weyant v. Seattle, 127 Wn. 681,688, 221 P. 997.
State v. Catalino, 118 Wn. 611, 204 P. 179 overruled byState v. Misetrich, 124 Wn. 470, 471, 215 P. 13, and questioned by State v. Whipple, 124 Wn. 578, 579,215 P. 14.
Dishman v. Whitney, 121 Wn. 157, 209 P. 12, 29 A.L.R. 460, questioned by Bourus v. Hagen, 192 Wn. 588, 591,74 P.2d 205, as no longer an authority in view of Dishman v.Whitney, 124 Wn. 697, 215 P. 71. See, also, Mitchell v.Maytag-Pacific-Intermountain Co., 184 Wn. 342, 350,51 P.2d 393, where we observed that, for the reasons stated inNettleship v. Shipman, 161 Wn. 292, 296 P. 1056, the published opinion in Dishman v. Whitney, 121 Wn. 157, *Page 168 209 P. 12, 29 A.L.R. 460, never became a decision of this court.
In re Sherwood's Estate, 122 Wn. 648, 211 P. 734, questioned by In re Barclay's Estate, 1 Wn.2d 82, 88,95 P.2d 393.
Castner v. Tacoma Gas Fuel Co., 123 Wn. 236,212 P. 283, which held that the cost of funeral expenses was not recoverable in an administrator's action for wrongful death for the benefit of certain relatives or dependents, questioned byMcMullen v. Warren Motor Co., 174 Wn. 454, 457,25 P.2d 99, as it was overruled by Castner v. Tacoma Gas Fuel Co.,126 Wn. 657, 219 P. 12.
Northern Pac. R. Co. v. Schoenfeldt, 123 Wn. 579,213 P. 26, questioned by Williams v. Denney, 151 Wn. 630, 635,276 P. 858, as overruled by Buck v. Kuykendall, 267 U.S. 307,69 L.Ed. 622.
Inland Finance Co. v. Ingersoll Co., 124 Wn. 72,213 P. 679, questioned — overruled — by Bank of Commerce v. KelpineProducts Co., 167 Wn. 592, 597, 10 P.2d 238, where we said:
"In the case of Inland Finance Co. v. Ingersoll Co.,124 Wn. 72, 213 P. 679, wherein deficiencies in the corporate acknowledgment were different from those in the later case ofYukon Investment Co. v. Crescent Meat Co., supra, and different from those in the present case, it was held that, notwithstanding inaccuracies in the acknowledgment, the instrument should be held good under the statutory policy of substantial compliance. However, upon further consideration, we conclude that anything said in that case inconsistent with the later case of YukonInvestment Co. v. Crescent Meat Co., supra, which we follow in the present case, may be considered overruled."
Kinnear v. King County, 124 Wn. 102, 213 P. 472, questioned — overruled — as follows by Inland Empire Land Co. v.Grant County, 138 Wn. 439, 442, 245 P. 14: *Page 169 
"Much reliance is placed upon our decision in Kinnear v. KingCounty, 124 Wn. 102, 213 P. 472, in which we held that the trial court had properly dismissed an action in which there was no showing that the property was assessed disproportionately to other property of like character. But the doctrine of that case has not been followed in our later decisions. In Tacoma Mill Co.v. Pierce County, 130 Wn. 358, 227 P. 500, the decision inKinnear v. King County, supra, was reviewed, and attention was called to the fact that, since that decision, we had decided the cases of Northern Pacific R. Co. v. Pierce County, 127 Wn. 369,220 P. 826, and Inland Empire R. Co. v. Whitman County,128 Wn. 358, 223 P. 6, wherein we held that excessive valuation may, in certain cases, be so great as to raise constructive fraud, and that it was not necessary that there also be a showing that the land was assessed disproportionately to other land of like character. Applying those decisions to the instant case, it seems plain that land assessed from two to four times its actual value presents a case of constructive fraud that requires the intervention of a court of equity to grant relief."
Finkelberg v. Continental Cas. Co., 126 Wn. 543,219 P. 12, questioned as follows by Merriman v. Maryland Cas. Co.,147 Wn. 579, 584, 266 P. 682:
"Aside from what is said in Finkelberg v. Continental CasualtyCo., 126 Wn. 543, 219 P. 12, relative to the effect of the failure of the assured to give notice of the pendency of the action, and which was not necessary to the decision in that case, no case has been cited, and in our investigation we have discovered none, which holds that the failure of the assured to inform the company that an action has been begun, as required by the policy, enables the injured person to maintain an action on the policy after obtaining a judgment against the assured without giving to the insurance company the right to defend upon the merits as to the question of liability and the amount thereof. The appellant had the right, at some time at least, to an opportunity to defend upon the merits and this is something that as yet it has never had. The case of Finkelberg v. Continental *Page 170 Casualty Co., supra, so far as it is not in accord with what has herein been said will be modified."
State v. Matson, 127 Wn. 513, 221 P. 311, questioned — overruled — as follows by State v. Rouw, 156 Wn. 198, 203,286 P. 81:
"After careful consideration of the questions now presented in connection with the first instruction above quoted, we hold, notwithstanding expressions to the contrary in the opinion of this court in the case of State v. Matson, supra, that the statutory presumption, as established by ch. 19, Laws of 1917, p. 61, § 12 (Rem. Comp. Stat., § 7329), supra, applies in prosecutions for the manufacture of intoxicating liquor for the purpose of sale, barter or exchange."
Hatch v. Cole, 128 Wn. 107, 222 P. 463, questioned — overruled — as follows by Puget Sd. Bridge Dredging Co. v.Lake Washington Shipyards, 1 Wn.2d 401, 409, 96 P.2d 257:
"It may be that the Hatch case can be harmonized with our former decisions, above referred to, on the ground that, in theHatch case, the court was not so much concerned with the question of a proper hearing, but rather with the question of the refusal of the arbitrators to properly weigh the evidence. The determination of the weight and sufficiency of the evidence is a matter within the judicial power of the arbitrators, and any error in that respect would be one of `fact or law,' which must appear upon the face of the award. School Dist. No. 5 v. Sage,13 Wn. 352, 43 P. 341; Puget Sound Bridge Dredging Co. v.Frye, 142 Wn. 166, 252 P. 546.
"However, we do not now subscribe to the broad statement made in the Hatch case that arbitrators have the power to arbitrarily decide disputes. Like any other judicial tribunal, they must decide upon the evidence adduced, after an opportunity for a full and fair hearing has been accorded to all the parties. Nor do we think that it is at all material whether the misbehavior of the arbitrators be intentional or not if, in fact, the parties have not had a proper hearing. An opportunity *Page 171 
to be heard is a condition precedent to the arbitrators' authority to make the award."
Stevens v. Irwin, 132 Wn. 289, 231 P. 783, questioned byRussell v. Stephens, 191 Wn. 314, 315, 71 P.2d 30.
Ashford v. Reese, 132 Wn. 649, 233 P. 29, and In reKuhn's Estate, 132 Wn. 678, 233 P. 293, questioned — overruled — by Hubbard v. Grandquist, 191 Wn. 442, 448,71 P.2d 410.
Holt Mfg. Co. v. Jaussaud, 132 Wn. 667, 233 P. 35, 38 A.L.R. 1312, questioned by Kuhn v. Ambrose, 171 Wn. 528, 531,18 P.2d 485, as follows:
"Appellant relies on the case of Holt Mfg. Co. v. Jaussaud,132 Wn. 667, 233 P. 35, 38 A.L.R. 1312, in which we held that no title whatever passes under a conditional sales contract of personal property. We have, however, since receded somewhat from that position, and have later held that the vendee does have some interest in the chattel, and that such interest is subject to attachment. Hess v. Starwich, 149 Wn. 679, 272 P. 75. If the vendee's interest may be the subject of attachment, then it may also be subject to voluntary transfer, unless prohibited by the agreement of sale."
Loveless v. Chehalis, 133 Wn. 33, 233 P. 301, overruled by State ex rel. Larson v. Vancouver, 160 Wn. 655,295 P. 947, questioned by State ex rel. Johnson v. Dayton, 200 Wn. 91,94, 93 P.2d 909.
Danz v. American Federation of Musicians, 133 Wn. 186,233 P. 630, questioned — overruled — by Yakima v. Gorham,200 Wn. 564, 568, 94 P.2d 180.
State v. Dalzell, 135 Wn. 621, 238 P. 635, questioned as no longer authority by State v. Knizek, 192 Wn. 351, 354,73 P.2d 731.
Frandila v. Department of Labor Industries, 137 Wn. 530,243 P. 5, and Cole v. Department of Labor Industries,137 Wn. 538, 243 P. 7, questioned by *Page 172 McCormick Lbr. Co. v. Department of Labor Industries, 7 Wn.2d 40,49, 108 P.2d 807.
Riverside Finance Co. v. Griffith, 140 Wn. 322,248 P. 786, overruled by Walker v. Fowler, 155 Wn. 631,285 P. 649, and questioned by In re Binge's Estate, 5 Wn.2d 446,475, 105 P.2d 689.
State v. Brunn, 144 Wn. 341, 258 P. 13, overruled byState v. Brunn, 145 Wn. 435, 260 P. 990, questioned byState v. McMahon, 145 Wn. 672, 675, 261 P. 639.
Lockhart v. Lockhart, 145 Wn. 210, 259 P. 385, questioned by Bartow v. Bartow, 12 Wn.2d 408, 413, 121 P.2d 962.
State v. Smith, 145 Wn. 250, 259 P. 711, questioned as follows by State v. Gaffney, 151 Wn. 599, 607, 276 P. 873, and questioned by State v. Freitas, 158 Wn. 155, 156,290 P. 701:
"A careful examination of the authorities satisfies us that the decision of this court in the case of State v. Smith, supra, was incorrect. The true rule is that the character of a witness may be shown by general reputation, and not by cross-examination as to specific acts of insinuated immorality along the line attempted to have been followed by appellants in the case at bar. A different rule applies in connection with the cross-examination of a party to an action, and cases in which courts have considered such cross-examination are not directly in point on the question now before us."
Enbody v. Hartford Accident Indemnity Co., 147 Wn. 237,265 P. 734, questioned by Easterbrooks v. Abrahams, 200 Wn. 636,637, 94 P.2d 486, as in conflict with Corman v.Sanderson, 72 Wn. 627, 131 P. 198.
In re Cross' Estate, 147 Wn. 441, 266 P. 711; 147 Wn. 699,266 P. 712; and 148 Wn. 422, 269 P. 339, overruled byIn re Cross' Estate, 152 Wn. 459, 278 P. 414, which was overruled by In re Verchot's *Page 173 Estate, 4 Wn.2d 574, 578, 580, 104 P.2d 490, as contrary to a practical unanimity of authority upon the propositions established by Singleton v. Cheek, 284 U.S. 493, 76 L.Ed. 419,52 S.Ct. 257, 81 A.L.R. 923.
State ex rel. Merritt v. Superior Court, 147 Wn. 690,267 P. 503 — motion for change of venue — questioned and in part overruled by State ex rel. Schmidt v. Nevins, 180 Wn. 356,358, 39 P.2d 990, because in conflict with State ex rel.Shook v. Superior Court, 141 Wn. 651, 252 P. 103.
Instruction given in Skates v. Conniff, 153 Wn. 538,280 P. 15, questioned by O'Neil v. Gruhn, 197 Wn. 557, 563,85 P.2d 1064, as contrary to other cases of this court, none of which is cited.
Garrett v. Byerly, 155 Wn. 351, 284 P. 343, 68 A.L.R. 254, overruled by Martin v. Hadenfeldt, 157 Wn. 563,289 P. 533, questioned by Eggert v. Schumacher, 173 Wn. 119,22 P.2d 52.
Cherry v. General Petroleum Corp., 172 Wn. 688,21 P.2d 520, questioned by Frazee v. Western Dairy Products, 182 Wn. 578,587, 47 P.2d 1037.
Karp v. Herder, 181 Wn. 583, 44 P.2d 808, questioned — overruled — by Morris v. Chicago, M. St. P. P.R. Co., 1 Wn.2d 587,604, 97 P.2d 119, 100 P.2d 19.
Ebey v. Engle Hill, 1 Wn. Terr. 72, overruled by Bagleyv. Carpenter, 2 Wn. Terr. 19, 22.
Shapoonmash v. United States, 1 Wn. Terr. 188, overruled byState v. Schafer, 156 Wn. 240, 243, 286 P. 833, on question of sufficiency of showing in record of presence of the accused throughout the trial.
Nickels v. Griffin, 1 Wn. Terr. 374, overruled by Phelpsv. S.S. City of Panama, 1 Wn. Terr. 615, where we held that, upon a proper showing made, new proofs could, on appeal in an admiralty cause, be introduced *Page 174 
in the territorial supreme court, which was not restricted to hearing the cause upon the proofs made in the district court.
Tierney v. Tierney, 1 Wn. Terr. 568, overruled subsilentio by Irving v. Irving, 26 Wn. 122, 66 P. 123, and expressly overruled by Johnston v. Johnston, 116 Wn. 322,324, 199 P. 737, where we held that an order modifying the order made in a divorce proceeding awarding the custody of a minor child is appealable.
Meeker v. Gardella, 2 Wn. Terr. 355, overruled by BritishBark Latona v. McAllep, 3 Wn. Terr. 332b, 342.
Cline v. Mitchell, 1 Wn. 24, 23 P. 1013; Pierce v.Commercial Inv. Co., 31 Wn. 655, 72 P. 473; Aetna Ins. Co.v. Thompson, 34 Wn. 610, 76 P. 105; Brockway v. Abbott,34 Wn. 700, 74 P. 1069; Trumbull v. Jefferson County, 37 Wn. 604,79 P. 1105; and Shippen v. Shippen, 91 Wn. 610,158 P. 247, overruled by Stone-Easter v. Seattle, 121 Wn. 520,526, 209 P. 687, 215 P. 56.
Northern Pac. P.S.S.R. Co. v. Coleman, 3 Wn. 228,28 P. 514, overruled by Enoch v. Spokane Falls N.R. Co., 6 Wn. 393,402, 33 P. 966, where we held that, under the provisions of Art. I, § 16 of the constitution, the measure of damages, where land is appropriated by a railroad for right of way purposes, is the fair market value of the land taken at the time of the appropriation, together with the amount of depreciation, if any, in the value of the land not taken, and these respective amounts should be ascertained without regard to any benefits that may have resulted from the construction, or proposed construction, of the railroad.
Spithill v. Jones, 3 Wn. 290, 28 P. 531, overruled byBates v. Drake, 28 Wn. 447, 68 P. 961; McKinley *Page 175 v. Morgan, 36 Wn. 561, 79 P. 45; and Brown v. Baldwin,46 Wn. 106, 114, 89 P. 483. In the last cited case, we said:
"It shows how palpably wrong the announcement made in Spithillv. Jones was, and the inconsistency which this court was driven to in the case just cited in trying to sustain the doctrine of that case on the theory that it referred only to the form of the action, when the first expression of the law on the subject of the form of civil action provides that, `There shall be in this state hereafter but one form of action for the enforcement or protection of private rights and the redress of private wrongs, which shall be called a civil action.' Pierce's Code, § 250 (Bal. Code, § 4793). This is a mandatory provision of the law, and a ready yielding of allegiance to this mandate on the part of the courts of the state will simplify legal proceedings and strip them of fictions and technicalities which find no place in the reformed procedure. This holding does not lead to the conclusion that all the distinctions between law and equity are abolished, or that equitable actions are not to be tried under the same rules under which they always have been tried. It simply means that it makes no difference what the action is termed, and that the relief sought must be granted according to the demands of the complaint if they are substantiated by proof; that an applicant for justice is not to be turned out of the temple of justice scourged with costs because he happens to come in at one door instead of another, and be compelled to enter that other door to ask the same remedy at the hands of the same court. The court is the same, sitting at the same place, clothed with the same authority, and when once the applicant has gained legal access to the court through a statement of facts, which the law demands that the complaint shall be, he is entitled to just such relief as his complaint and his proof warrant; and in the trial of the cause, if it is discovered that the relief is equitable, the court will administer the equitable relief. If it becomes necessary in the trial of the cause to determine a purely legal right, the court, as it always has done, may call a jury to try out that question." *Page 176 
See, also, Browder v. Phinney, 30 Wn. 74, 70 P. 264, andFilley v. Murphy, 30 Wn. 1, 70 P. 107.
Moore v. Brownfield, 7 Wn. 23, 34 P. 199, overruled bySkansi v. Novak, 84 Wn. 39, 46, 146 P. 160; State v.Sturtevant, 76 Wn. 158, 135 P. 1035, 138 P. 650; andMcNaught-Collins Imp. Co. v. May, 52 Wn. 632, 101 P. 237.
Pacific Supply Co. v. Brand, 7 Wn. 357, 35 P. 72, overruled by Rayburn v. Abrams, 52 Wn. 414, 100 P. 751.
In Philbrick v. Andrews, 8 Wn. 7, 35 P. 358, we held that where, in an action for divorce, the property of the husband has not been brought into the case, a decree in favor of the wife for alimony creates no specific lien on the property; and the husband's right to a homestead exemption is paramount to the lien created by an execution levy under such judgment. In Haakensonv. Coldiron, 190 Wn. 627, 70 P.2d 294, we held that the amount of alimony due the wife is not a debt or liability within the meaning of constitutional provisions or of the statute exempting the proceeds of accident and health insurance from "debts" and liabilities of a divorced husband.
See Stafford v. Stafford, 118 Wn. Dec. 721,140 P.2d 545, where the question is raised whether under our constitution and statute exempting the homestead from execution or forced sale, except as in the statute provided, the homestead of the husband acquired after the entry of a decree of divorce and which was his separate property, is subject to sale under execution to satisfy the unpaid portion of alimony awarded in such decree. See, also, Shibley v. Shibley, 181 Wn. 166, 42 P.2d 446, where we held that a California judgment for alimony is not subject to modification as to sums already accrued and past due and may be established *Page 177 
in this state as a foreign judgment, to be enforced in equity by contempt proceedings, if necessary, the same as if the judgment or decree were originally entered in this state.
Sears v. Williams, 9 Wn. 428, 37 P. 665, 38 P. 135, 39 P. 280, overruled by State ex rel. Bartelt v. Liebes,19 Wn. 589, 592, 54 P. 26.
Neis v. Farquharson, 9 Wn. 508, 37 P. 697, overruled byBarto v. Stewart, 21 Wn. 605, 618, 59 P. 480, where we held that action on any claim against a decedent's estate is barred if claim has not been presented to the personal representative of the estate within one year after published notice of appointment of such representative, although the claim at the time within which it should have been presented may not have been due, or may in fact have been wholly contingent.
Glover v. Rochester-German Ins. Co., 11 Wn. 143,39 P. 380, overruled by Dickie Mfg. Co. v. Sound Construction Engr.Co., 92 Wn. 316, 322, 159 P. 129.
Webster v. Thorndyke, 11 Wn. 390, 39 P. 677, overruled byRoberts v. Washington Nat. Bank, 11 Wn. 550, 554,40 P. 225.
Willamette Casket Co. v. Cross Undertaking Co., 12 Wn. 190,40 P. 729, overruled by Pacific Coast Biscuit Co. v. Perry,77 Wn. 352, 354, 137 P. 483, where we held that, although the statute provides that a chattel mortgage is void as against creditors unless recorded, an unrecorded chattel mortgage is valid as between the parties and creditors subsequent to its execution who acquired no specific lien upon the property up to the time when it was finally filed for record.
Marquis v. Willard, 12 Wn. 528, 41 P. 889, 50 Am. St. 906, in effect overruled by Greenius v. American Surety Co.,92 Wn. 401, 159 P. 384, L.R.A. 1917F, *Page 178 
1134, and expressly overruled by Jahns v. Clark, 138 Wn. 288,295, 244 P. 729.
State v. Murphy, 13 Wn. 229, 43 P. 44, which held that a conviction of murder in the second degree was an acquittal of murder in the first degree and the defendant could only be again tried for the lesser crime, was overruled by State v. Ash,68 Wn. 194, 197, 122 P. 995, where we enunciated the rule that a conviction of a lesser offense is not an acquittal of greater offenses charged in the same information, operating as a bar upon the granting of a new trial.
Powell v. Pugh, 13 Wn. 577, 43 P. 879; Gund v. Parke,15 Wn. 339, 46 P. 408; Morse v. Estabrook, 19 Wn. 92,52 P. 531, 67 Am. St. 723, and Andrews v. Andrews, 3 Wn. Terr. 286, 14 P. 68, which held that the commuunity personal property can be sold on execution to satisfy a judgment against husband for his separate debt, were overruled by Schramm v. Steele,97 Wn. 309, 311, 318, 166 P. 634.
Columbia Nat. Bank v. Western Iron Steel Co., 14 Wn. 162,44 P. 145, and Cole v. Noerdlinger, 22 Wn. 51, 60 P. 57, overruled by Peters v. McPherson, 62 Wn. 496, 502,114 P. 188, when we held that a denial in manner and form that plaintiffs expended the specified sum of money alleged by them, in a certain action or at all, is a negative pregnant and insufficient.
Pepperal v. City Park Transit Co., 15 Wn. 176, 45 P. 743, 46 P. 407, overruled by Thornton v. Dow, 60 Wn. 622, 629,111 P. 899, where we held that the failure of a jury to follow, in making a special finding, an erroneous instruction of the court is not prejudicial error, where the record upon the whole case shows that the verdict was right, and no other verdict could have been rendered on proper instructions. *Page 179 
 Tacoma v. Krech, 15 Wn. 296, 46 P. 255, 34 L.R.A. 68, overruled by State v. Nichols, 28 Wn. 628, 638, 69 P. 372.
Jones v. St. Paul M. M.R. Co., 16 Wn. 25, 47 P. 226, which held that the owner of a steamboat accustomed to navigate a river could not recover damages caused by an obstruction to navigation, compelling him to tie up his boat for several days, overruled by Sholin v. Skamania Boom Company, 56 Wn. 303,308, 105 P. 632.
Tacoma v. Tacoma Light Water Co., 17 Wn. 458, 50 P. 55, overruled by Parkhurst v. Elliott, 103 Wn. 89, 92,173 P. 731, where we held that the measure of damages for deceit in misrepresenting the value of mortgage securities, traded for plaintiff's property, is the difference between the actual value of the securities and their value as represented.
German-American Sav. Bank v. Spokane, 17 Wn. 315,49 P. 542, 38 L.R.A. 259, and Sheafe v. Seattle, 18 Wn. 298,51 P. 385, overruled by Jurey v. Seattle, 50 Wn. 272, 276,97 P. 107.
Brookman v. State Ins. Co., 18 Wn. 308, 51 P. 395, overruled by Main v. Scholl, 20 Wn. 201, 206, 54 P. 1125, where we held that property purchased with the proceeds of a loan made by either husband or wife subsequent to marriage is community property.
Griffith v. Burlingame, 18 Wn. 429, 51 P. 1059, overruled by Security Savings Loan Soc. v. Dudley, 175 Wn. 50, 57,26 P.2d 384, 28 P.2d 276.
State ex rel. Denny v. Bridges, 19 Wn. 44, 52 P. 326, 40 L.R.A. 593, overruled by State ex rel. Bloedel-Donovan LumberMills v. Savidge, 144 Wn. 302, 310, 258 P. 1.
State v. McCormick, 20 Wn. 94, 54 P. 764, overruled *Page 180 
by State v. Pepoon, 62 Wn. 635, 643, 114 P. 449.
Pacific Nat. Bank v. Pierce County, 20 Wn. 675,56 P. 936, and Ridpath v. Spokane County, 23 Wn. 436, 63 P. 261, in so far as they held that a tax upon the shares of the capital stock of a banking corporation was an excise tax, were overruled by Spokane Eastern Trust Co. v. Spokane County, 70 Wn. 48,51, 126 P. 54,
Hall v. Skavdale, 21 Wn. 203, 57 P. 807, and PacificSupply Co. v. Brand, 7 Wn. 357, 35 P. 72, overruled byRayburn v. Abrams, 52 Wn. 414, 100 P. 751, where we held that a judgment of dismissal, for default in amending a complaint after sustaining a demurrer thereto, is appealable; since no exception was necessary to the order sustaining the demurrer and no further steps are necessary to secure a review, excepting an appeal.
Shuey v. Holmes, 21 Wn. 223, 57 P. 818, and FremontState Bank v. Vincent, 112 Wn. 493, 192 P. 975, overruled byDuke v. Johnson, 123 Wn. 43, 46, 48, 211 P. 710.
Chehalis County v. Ellingson, 21 Wn. 638, 59 P. 485, overruled by Spokane Idaho Lbr. Co. v. Stanley, 25 Wn. 653,657, 66 P. 92.
Ridpath v. Spokane County, 23 Wn. 436, 63 P. 261, andPacific Nat. Bank v. Pierce County, 20 Wn. 675, 56 P. 936, overruled by Spokane Eastern Trust Co. v. Spokane County,70 Wn. 48, 51, 126 P. 54.
Peterson v. Seattle Traction Co., 23 Wn. 615, 63 P. 539, 65 P. 543, 53 L.R.A. 586. See Armstrong v. Musser Lbr. Mfg.Co., 43 Wn. 584, 586, 86 P. 944; Rochester v. Seattle, R. S.R. Co., 75 Wn. 559, 563, 135 P. 209, and New York LifeIns. Co. v. Newport, 1 Wn.2d 511, 516, 96 P.2d 449. *Page 181 
 Bancroft-Whitney Co. v. Gowan, 24 Wn. 66, 63 P. 1111, overruled by Spokane Security Finance Co. v. Crowley Lbr. Co.,152 Wn. 697, 279 P. 103, where we held that a chattel mortgage giving the mortgagee a present right of possession does not entitle him to maintain an action of replevin; but a mortgagee of chattels may maintain an action for the conversion of the mortgaged property.
Copland v. Pirie, 26 Wn. 481, 67 P. 227, 90 Am. St. 769, and State ex rel. Arnold v. Mitchell, 55 Wn. 513,104 P. 791, overruled by Holzman v. Spokane, 91 Wn. 418, 425,157 P. 1086. See In re Peterson's Estate, 182 Wn. 29, 33,45 P.2d 45.
State v. Bliss, 27 Wn. 463, 68 P. 87, sub silentio
overruled by State v. Butts, 42 Wn. 455, 85 P. 33, andState v. McCormick, 56 Wn. 469, 105 P. 1037, and expressly overruled by State v. Laws, 61 Wn. 533, 534, 112 P. 488.
Gray v. Washington Water Power Co., 27 Wn. 713,68 P. 360, 30 Wn. 154, 70 P. 255, overruled by Rochester v.Seattle, R. S.R. Co., 75 Wn. 559, 563, 135 P. 209. SeeYoung v. Dille, 127 Wn. 398, 405, 220 P. 782 and New YorkLife Ins. Co. v. Newport, 1 Wn.2d 511, 516, 96 P.2d 449.
State ex rel. Dudley v. Daggett, 28 Wn. 1, 68 P. 340, overruled by State ex rel. Plaisie v. Cole, 40 Wn. 474,82 P. 749, where we held that this court has no jurisdiction of an appeal from a judgment of the superior court in a proceeding for a mandamus to compel a justice of the peace to grant a change of venue, where the original amount in controversy is less than two hundred dollars.
In re Macdonald's Estate, 29 Wn. 422, 69 P. 1111, overruled by Davis v. Shepard, 135 Wn. 124, 130, 237 P. 21. See Horton v. McCord, 158 Wn. 563, 566, 291 P. 717. *Page 182 
 Burgert v. Caroline, 31 Wn. 62, 71 P. 724, 96 Am. St. 889, overruled sub silentio by Vietzen v. Otis, 63 Wn. 411,115 P. 858 (see 46 Wn. 402, 90 P. 264), and expressly overruled by Olson v. Chapman, 4 Wn.2d 522, 535,104 P.2d 344.
Pierce v. Commercial Inv. Co., 31 Wn. 655, 72 P. 473, overruled by Stone-Easter v. Seattle, 121 Wn. 520, 526,209 P. 687, 215 P. 56.
In re Waugh, 32 Wn. 50, 72 P. 710, overruled by In reBruen, 102 Wn. 472, 479, 172 P. 1152.
State v. Durbin, 32 Wn. 289, 73 P. 373, overruled subsilentio by State v. Campbell, 40 Wn. 480, 82 P. 752, and expressly by State v. Wickstrom, 92 Wn. 503, 506,159 P. 753.
Griggs v. MacLean, 33 Wn. 244, 74 P. 360. See Rochesterv. Seattle, R. S.R. Co., 75 Wn. 559, 563, 135 P. 209, andNew York Life Ins. Co. v. Newport, 1 Wn.2d 511, 516,96 P.2d 449.
Lawrence v. Pederson, 34 Wn. 1, 74 P. 1011, overruled byRochester v. Seattle, R. S.R. Co., 75 Wn. 559, 563,135 P. 209.
O'Connor v. Lighthizer, 34 Wn. 152, 75 P. 643; AetnaIns. Co. v. Thompson, 34 Wn. 610, 76 P. 105; and Brockwayv. Abbott, 34 Wn. 700, 74 P. 1069, overruled byStone-Easter v. Seattle, 121 Wn. 520, 526, 209 P. 687, 215 P. 56.
Swope v. Seattle, 35 Wn. 69, 76 P. 517, overruled byState ex rel. Young v. Superior Court, 43 Wn. 34, 38,85 P. 989.
Allen v. Northern Pac. R. Co., 35 Wn. 221, 77 P. 204, 66 L.R.A. 804, overruled by Rochester v. Seattle, R. S.R. Co.,75 Wn. 559, 563, 135 P. 209. See Wait v. Robertson Mtg.Co., 37 Wn. 282, 79 P. 926.
State v. Ide, 35 Wn. 576, 77 P. 961, overruled by Tekoav. Reilly, 47 Wn. 202, 209, 91 P. 769. *Page 183 
 Trumbull v. Jefferson County, 37 Wn. 604, 79 P. 1105, overruled by Stone-Easter v. Seattle, 121 Wn. 520, 526,209 P. 687, 215 P. 56.
Okanogan County v. Cheetham, 37 Wn. 682, 80 P. 262, 70 L.R.A. 1027, overruled by McAllister v. Okanogan County,51 Wn. 647, 651, 100 P. 146.
Tham v. Steeb Shipping Co., 39 Wn. 271, 81 P. 711. SeeRochester v. Seattle, R. S.R. Co., 75 Wn. 559, 563,135 P. 209.
Smith v. St. Paul, M. M.R. Co., 39 Wn. 355, 81 P. 840. See DeKay v. North Yakima V.R. Co., 71 Wn. 648,129 P. 574.
Jensen v. Cooks' Waiters' Union, 39 Wn. 531,81 P. 1069, 4 L.R.A. (N.S.) 302; St. Germain v. Bakery ConfectioneryWorkers' Union, 97 Wn. 282, 166 P. 665, L.R.A. 1917F, 824;Baasch v. Cooks Union, 99 Wn. 378, 169 P. 843; and Danz v.American Federation of Musicians, 133 Wn. 186, 233 P. 630, overruled by Yakima v. Gorham, 200 Wn. 564, 568,94 P.2d 180.
State v. Bringgold, 40 Wn. 12, 82 P. 132, overruled byState v. Hamshaw, 61 Wn. 390, 392, 112 P. 379, where we held that, upon appeal from justice court in a criminal case, the superior court cannot allow an amended complaint to be filed, over objection by the accused.
Postel v. Seattle, 41 Wn. 432, 83 P. 1025. See Kincaidv. Seattle, 74 Wn. 617, 620, 134 P. 504, 135 P. 820; andInternational Contract Co. v. Seattle, 74 Wn. 662,134 P. 502.
State ex rel. Richey v. Smith, 42 Wn. 237, 84 P. 851, 114 Am. St. 114, 7 Ann. Cas. 577, 5 L.R.A. (N.S.) 674, sub silentio
overruled by State v. Pitney, 79 Wn. 608, 140 P. 918, Ann. Cas. 1916A, 209, and State v. Walter Bowen Co., 86 Wn. 23,149 P. 330, Ann. *Page 184 
Cas. 1917B, 625; and expressly overruled by Tacoma v. Fox,158 Wn. 325, 334, 290 P. 1010.
Armstrong v. Wm. Musser Lbr. Mfg. Co., 43 Wn. 584,86 P. 944, overruled by Rochester v. Seattle, R. S.R. Co.,75 Wn. 559, 563, 135 P. 209.
Hartley v. Ferguson, 46 Wn. 33, 89 P. 156. See Rochesterv. Seattle, R. S.R. Co., 75 Wn. 559, 563, 135 P. 209.
Leonard v. Bassindale, 46 Wn. 301, 89 P. 879, in which we held unconstitutional the law of 1905 prohibiting the use of trading stamps, overruled by State v. Pitney, 79 Wn. 608,615, 140 P. 918.
Johnson v. Conner, 48 Wn. 431, 93 P. 914, overruled byMcNaught-Collins Imp. Co. v. May, 52 Wn. 632, 635,101 P. 237. See, also, State v. Sturtevant, 76 Wn. 158, 174,135 P. 1035, where we said:
"The court relied upon the case of Moore v. Brownfield,7 Wn. 23, 34 P. 199, . . . upon the defense of adverse possession. In that case, it is said: `Although possession be held in subordination to the title of the United States, it may be adverse to one claiming the land as against the possessor.' Judge Sawyer so instructed the jury in the case of Francoeur v.Newhouse, 43 Fed. 236, which was cited as sustaining authority. So far as we know, a like statement is not to be found elsewhere in the books. Moore v. Brownfield was followed in Johnson v.Conner, 48 Wn. 431, 93 P. 914, although at the time the court had declared a contrary rule in Yesler Estate v. Holmes,39 Wn. 34, 80 P. 851."
See Skansi v. Novak, 84 Wn. 39, 45, 46, 146 P. 160.
Holcomb v. Holcomb, 49 Wn. 498, 95 P. 1091, and Sullivanv. Sullivan, 49 Wn. 508, 95 P. 1095, overruled by Griffithv. Griffith, 71 Wn. 56, 59, 127 P. 585, where we held that, under the constitution, limiting the original jurisdiction of the supreme court *Page 185 
to special writs and to all other writs necessary and proper to the complete exercise of its appellate jurisdiction, the supreme court has no jurisdiction, pending an appeal in a divorce case, to award the wife temporary alimony, suit money and attorney's fees for the prosecution of her appeal. We said:
"After the opinion of November 12, 1912, in this cause directing that the appellant be awarded alimony, suit money, and attorney's fees, had been filed, a petition for rehearing was presented by the respondent in which the jurisdiction of the court to make the order was suggested. On consultation upon the petition, it was found that differences of opinion existed among the several members of the court as to the court's jurisdiction, and the cause was set down for further argument at the present session. The question was reargued at the time appointed, and the court is now convinced that it was in error in making the order directed in its former opinion, and in error in making the orders in the cases of Holcomb v. Holcomb, 49 Wn. 498, 95 P. 1091;Sullivan v. Sullivan, 49 Wn. 508, 95 P. 1095; Gallagher v.Gallagher, 65 Wn. 310, 118 P. 4; and in entertaining the petition in Gust v. Gust, 69 Wn. 220, 124 P. 504. The reasons which lead us to this conclusion are clearly and fully stated in the dissenting opinion written by the present chief justice in the case of Holcomb v. Holcomb, supra, and we adopt the opinion as the opinion of the court in the present case. The order heretofore entered herein, directing alimony, suit money, and attorney's fees to be granted is therefore revoked, and the application for the same denied."
See Lewis v. Lewis, 83 Wn. 671, 145 P. 980; State exrel. Clark v. Superior Court, 90 Wn. 80, 155 P. 398; Renov. Reno, 118 Wn. 49, 203 P. 2; State ex rel. Brown v.Superior Court, 190 Wn. 572, 69 P.2d 811; Haakenson v.Coldiron, 190 Wn. 627, 70 P.2d 294; and State ex rel.Davis v. Superior Court, 200 Wn. 670, 94 P.2d 478. *Page 186 
 State ex rel. Puyallup v. Superior Court, 50 Wn. 650,97 P. 778, overruled by State ex rel. Meyer v Clifford, 78 Wn. 555,560, 139 P. 650.
Gabrielson v. Hague Box Lbr. Co., 55 Wn. 342,104 P. 635, 133 Am. St. 1032, overruled sub silentio by Holm v.Chicago, M. P.S.R. Co., 59 Wn. 293, 109 P. 799, resuscitated, without reference to the Holm case, by Colemanv. St. Paul Tacoma Lbr. Co., 110 Wn. 259, 188 P. 532, and expressly overruled by Staples v. Esary, 130 Wn. 521, 524,228 P. 514.
State ex rel. Arnold v. Mitchell, 55 Wn. 513, 104 P. 791, overruled by Holzman v. Spokane, 91 Wn. 418, 425,157 P. 1086. See, also, In re Peterson's Estate, 182 Wn. 29, 33,45 P.2d 45.
State ex rel. Chealander v. Carroll, 57 Wn. 202,106 P. 748, overruled by State ex rel. McAulay v. Reeves, 196 Wn. 1,10, 81 P.2d 860.
Tsmura v. Great Northern R. Co., 58 Wn. 316, 108 P. 774, overruled by Horton v. Oregon-Washington R. N. Co., 72 Wn. 503,512, 130 P. 897.
Knust v. Bullock, 59 Wn. 141, 109 P. 329; Kneff v.Sanford, 63 Wn. 503, 115 P. 1040; and Burger v. TaxicabMotor Co., 66 Wn. 676, 120 P. 519, overruled by Bradley v.S.L. Savidge, Inc., 13 Wn.2d 28, 123 P.2d 780.
North Star Trading Co. v. Alaska-Yukon-Pacific Exposition,63 Wn. 376, 115 P. 855, overruled by opinion in same case,68 Wn. 457, 123 P. 605.
Gallagher v. Gallagher, 65 Wn. 310, 118 P. 4, overruled by Griffith v. Griffith, 71 Wn. 56, 59, 127 P. 585.
Harvard Inv. Co. v. Smith, 66 Wn. 429, 119 P. 864, subsilentio overruled by DeLano v. Tennent, 138 Wn. 39,244 P. 273, 45 A.L.R. 766, and expressly overruled by Puget MillCo. v. Kerry, 183 Wn. 542, 559, 49 P.2d 57. *Page 187 
 Franklin County v. Carstens, 68 Wn. 176, 122 P. 999, overruled by Gustaveson v. Dwyer, 83 Wn. 303, 145 P. 458.
Shea v. Skagit County, 68 Wn. 233, 122 P. 1061, overruled by Grant v. Evans, 163 Wn. 484, 486, 1 P.2d 852.
Collignon Co. v. Hammond Milling Co., 68 Wn. 626,123 P. 1083, overruled sub silentio by Andersen, Meyer Co. v.Northwest Trading Co., 115 Wn. 37, 196 P. 630, and expressly overruled by Northern G.W. Co. v. Northwest Trading Co.,117 Wn. 422, 426, 201 P. 903, 204 P. 202.
Gust v. Gust, 69 Wn. 220, 124 P. 504, overruled byGriffith v. Griffith, 71 Wn. 56, 59, 127 P. 585.
State v. Wilson, 69 Wn. 235, 124 P. 1125. See State v.Schrader, 135 Wn. 650, 662, 238 P. 617, 243 P. 10.
Purdy v. Sherman, 74 Wn. 309, 133 P. 440, and Birch v.Abercrombie, 74 Wn. 486, 133 P. 1020, 50 L.R.A. (N.S.) 59, overruled by Bradley v. S.L. Savidge, Inc., 13 Wn.2d 28, 48,53, 66, 123 P.2d 780.
Casassa v. Seattle, 75 Wn. 367, 134 P. 1080. See WongKee Jun v. Seattle, 143 Wn. 479, 255 P. 645.
Seattle v. McElwain, 75 Wn. 375, 134 P. 1089, overruled by In re Seattle, 115 Wn. 535, 537, 197 P. 784.
Rochester v. Seattle, R. S.R. Co., 75 Wn. 559,135 P. 209. See New York Life Ins. Co. v. Newport, 1 Wn.2d 511,516, 96 P.2d 449; and Young v. Dille, 127 Wn. 398,220 P. 782.
State ex rel. Murphy v. Wright, 76 Wn. 383, 136 P. 482, overruled by State ex rel. Meyer v. Clifford, 78 Wn. 555,560, 139 P. 650.
Opsahl v. Northern Pac. R. Co., 78 Wn. 197, 138 P. 681, overruled by Lauer v. Northern Pac. R. Co., 83 Wn. 465, 468,145 P. 606. *Page 188 
 State v. George, 79 Wn. 262, 140 P. 337, overruled byState v. Wray, 142 Wn. 530, 533, 253 P. 801.
Jorguson v. Seattle, 80 Wn. 126, 141 P. 334, overruled byWong Kee Jun v. Seattle, 143 Wn. 479, 505, 255 P. 645.
Creditors' Collection Ass'n v. Bisbee, 80 Wn. 358,141 P. 886. See Lemagie v. Acme Stamp Works, 98 Wn. 34, 167 P. 60, and Pacific Coast Adjustment Co. v. Reese, 189 Wn. 347, 348,65 P.2d 1057.
State ex rel. Conner v. Superior Court, 81 Wn. 480,143 P. 112, overruled by Malim v. Benthien, 114 Wn. 533, 540,196 P. 7.
Puget Sound State Bank v. Gallucci, 82 Wn. 445, 457,144 P. 698, overruled by Sturtevant Co. v. Fidelity DepositCompany, 92 Wn. 52, 67, 158 P. 740.
Edmonds v. Altman, 89 Wn. 4, 153 P. 1082, overruled byClemson v. Best, 174 Wn. 601, 606, 25 P.2d 1032.
Davies v. Maryland Cas. Co., 89 Wn. 571, 154 P. 1116, 155 P. 1035, L.R.A. 1916D, 395. See Luger v. Windell, 116 Wn. 375,199 P. 760.
Guerin v. Clark County, 90 Wn. 242, 155 P. 1035, overruled by Sweet Clinic v. Lewis County, 154 Wn. 416, 425,282 P. 832.
Pappas v. Dailey, 90 Wn. 285, 155 P. 1059. See New YorkLife Ins. Co. v. Newport, 1 Wn.2d 511, 516, 96 P.2d 449, and Rochester v. Seattle, R. S.R. Co., 75 Wn. 559, 563,135 P. 209.
American Sav. Bank Trust Co. v. Dennis, 90 Wn. 547,156 P. 559, overruled by Old Nat. Bank v. Gibson, 105 Wn. 578,585, 179 P. 117.
Seattle v. Dexter Horton Trust Sav. Bank, 90 Wn. 661,156 P. 844, overruled by In re Seattle, 115 Wn. 535, 543,197 P. 784. *Page 189 
 State v. Bates Rogers Const. Co., 91 Wn. 181,157 P. 482, overruled by Reynolds v. Addison Miller Co., 143 Wn. 271,279, 255 P. 110.
Shippen v. Shippen, 91 Wn. 610, 158 P. 247, overruled byStone-Easter v. Seattle, 121 Wn. 520, 526, 209 P. 687, 215 P. 56.
Peterson v. Chess, 92 Wn. 682, 159 P. 894, overruled byStotts v. Puget Sound T.L. P. Co., 94 Wn. 339,162 P. 519, L.R.A. 1917D, 214 and Helf v. Hansen Keller Truck Co.,167 Wn. 206, 209, 9 P.2d 110. See Burnett v. Edw. J.Dunnigan, Inc., 165 Wn. 164, 4 P.2d 829.
Standard Oil Co. v. Graves, 94 Wn. 291, 162 P. 558, overruled by Standard Oil Co. v. Graves, 249 U.S. 389,63 L.Ed. 662, on the ground that oil inspection fees imposed by Laws of 1907, ch. 192, imposed a direct burden upon interstate commerce, noticed in Union Oil Co. v. State, 125 Wn. 327, 328,216 P. 22.
St. Germain v. Bakery Confectionery Workers' Union,97 Wn. 282, 166 P. 665, L.R.A. 1917F, 824, overruled by Yakimav. Gorham, 200 Wn. 564, 568, 94 P.2d 180.
Baasch v. Cooks Union, 99 Wn. 378, 169 P. 843, overruled by Yakima v. Gorham, 200 Wn. 564, 568, 94 P.2d 180.
Zuhn v. Horst, 100 Wn. 359, 170 P. 1033, overruled byStrong v. Sunset Copper Co., 9 Wn.2d 214, 225,114 P.2d 526.
Babbitt v. Seattle School Dist., 100 Wn. 392,170 P. 1020, overruled by Steiner v. Royal Blue Cab Co., 172 Wn. 396,398, 20 P.2d 39, which was overruled by Bradley v. S.L.Savidge, Inc., 13 Wn.2d 28, 123 P.2d 780.
Moore v. Roddie, 103 Wn. 386, 174 P. 648, overruled byBradley v. S.L. Savidge, Inc., 13 Wn.2d 28, 48, 53,123 P.2d 780. *Page 190 
 Watson v. Barnard, 105 Wn. 536, 178 P. 477, overruled byRockwell v. Thompson, 124 Wn. 176, 179, 213 P. 922.
United States Fidelity Guaranty Co. v. Cascade Const. Co.,106 Wn. 478, 180 P. 463, sub silentio overruled by Mercyv. A.I. Hall Son, 177 Wn. 338, 31 P.2d 1009, and expressly overruled by Millett v. Mackie Mill Co., 193 Wn. 477,483, 76 P.2d 311.
Coleman v. St. Paul Tacoma Lbr. Co., 110 Wn. 259,188 P. 532, overruled by Staples v. Esary, 130 Wn. 521, 523,524, 228 P. 514.
Schaefer v. E.F. Gregory Co., 112 Wn. 408, 192 P. 968, overruled by Culmback v. Stevens, 158 Wn. 675, 291 P. 705, and Hubbard v. Grandquist, 191 Wn. 442, 448, 71 P.2d 410.
Fremont State Bank v. Vincent, 112 Wn. 493, 192 P. 975, overruled by Duke v. Johnson, 123 Wn. 43, 48, 211 P. 710.
State ex rel. Wettrick v. Seattle, 115 Wn. 548,197 P. 782, overruled by State ex rel. Weyant v. Seattle, 127 Wn. 681,689, 221 P. 997.
Matapan Nat. Bank v. Seattle, 115 Wn. 596, 197 P. 789, overruled by Bale v. Floyd, 199 Wn. 503, 509,91 P.2d 1025.
State v. Catalino, 118 Wn. 611, 204 P. 179, overruled byState v. Misetrich, 124 Wn. 470, 215 P. 13.
Mitchell v. Churches, 119 Wn. 547, 206 P. 6, 36 A.L.R. 1132, overruled by Bradley v. S.L. Savidge, Inc., 13 Wn.2d 28,48, 53, 123 P.2d 780.
Dishman v. Whitney, 121 Wn. 157, 209 P. 12, 29 A.L.R. 460, and 124 Wn. 697, 215 P. 71, we stated, in Bourus v.Hagen, 192 Wn. 588, 591, 74 P.2d 205, was no longer recognized as an authority.
Stone-Easter v. Seattle, 121 Wn. 520, 209 P. 687, overruled on rehearing 121 Wn. 522, 215 P. 56. *Page 191 
 Castner v. Tacoma Gas Fuel Co., 123 Wn. 236,212 P. 283, overruled on rehearing, 126 Wn. 657, 219 P. 12, where we held that funeral expenses are recoverable against one causing the death of another by wrongful act.
Northern Pac. R. Co. v. Schoenfeldt, 123 Wn. 579,213 P. 26, in effect overruled by Buck v. Kuykendall, 267 U.S. 307,69 L.Ed. 622, we stated in Williams v. Denney, 151 Wn. 630, 635,276 P. 858.
Casey v. Edwards, 123 Wn. 661, 212 P. 1082, overruled byState ex rel. Oatey Orchard Co. v. Superior Court, 154 Wn. 10,13, 280 P. 350.
Vernarelli v. Sweikert, 123 Wn. 694, 213 P. 482, overruled by Bradley v. S.L. Savidge, Inc., 13 Wn.2d 28, 49,53, 123 P.2d 780.
Inland Finance Co. v. Ingersoll Co., 124 Wn. 72,213 P. 679, in effect overruled by Yukon Inv. Co. v. Crescent MeatCo., 140 Wn. 136, 248 P. 377, expressly overruled by Bankof Commerce v. Kelpine Prod. Co., 167 Wn. 592, 597,10 P.2d 238.
Kinnear v. King County, 124 Wn. 102, 213 P. 472, overruled by Inland Empire Land Co. v. Grant County, 138 Wn. 439,442, 245 P. 14.
Warner v. Modern Woodmen of America, 124 Wn. 252,214 P. 161, 34 A.L.R. 87, overruled by Howard v. Equitable AssuranceSociety, 197 Wn. 230, 241, 85 P.2d 253.
Dishman v. Whitney, 124 Wn. 697, 215 P. 71 (see opinion same case 121 Wn. 157, 209 P. 12, 29 A.L.R. 460), we stated in Bourus v. Hagen, 192 Wn. 588, 591, 74 P.2d 205, is no longer an authority.
Seattle v. Everett, 125 Wn. 39, 215 P. 337, overruled byHollenbeck v. Seattle, 136 Wn. 508, 512, 240 P. 916.
Harju v. Anderson, 125 Wn. 161, 215 P. 327, overruled byState ex rel. Hibler v. Superior Court, *Page 192 164 Wn. 618, 624, 3 P.2d 1098, where we reiterated the rule,
"That, in a proceeding brought to vacate a judgment procured by fraud, the prevailing party in the action wherein the judgment was obtained must be served with process and brought into the proceedings the same as in an original action. Mere service on the attorney is not sufficient."
Farr v. Department of Labor Industries, 125 Wn. 349,216 P. 20, overruled by Luton v. Department of Labor Industries, 183 Wn. 105, 111, 48 P.2d 199. See, also,Abraham v. Department of Labor Industries, 178 Wn. 160,34 P.2d 457; Powell v. Department of Labor Industries,178 Wn. 699, 34 P.2d 459; Kloeppel v. Department of Labor Industries, 178 Wn. 699, 34 P.2d 459; and Knestis v.Unemployment Comp. Division, 16 Wn.2d 577, 134 P.2d 76.
Finkelberg v. Continental Cas. Co., 126 Wn. 543,219 P. 12, overruled by Merriman v. Maryland Cas. Co., 147 Wn. 579,584, 266 P. 682.
State v. Matson, 127 Wn. 513, 221 P. 311, overruled byState v. Rouw, 156 Wn. 198, 203, 286 P. 81.
Piper v. Piper, 129 Wn. 72, 224 P. 576. See Rochester v.Seattle, R. S.R. Co., 75 Wn. 559, 563, 135 P. 209, andNew York Life Ins. Co. v. Newport, 1 Wn.2d 511, 516,96 P.2d 449.
Anning v. Rothschild Co., 130 Wn. 232, 226 P. 1013, overruled by Bradley v. S.L. Savidge, Inc., 13 Wn.2d 28, 49,53, 123 P.2d 780.
Stevens v. Irwin, 132 Wn. 289, 231 P. 783, overruled byRussell v. Stephens, 191 Wn. 314, 315, 71 P.2d 30.
Griffin v. Smith, 132 Wn. 624, 232 P. 929, overruled byBradley v. S.L. Savidge, Inc., 13 Wn.2d 28, 49, 53,123 P.2d 780. *Page 193 
 Ashford v. Reese, 132 Wn. 649, 233 P. 29, and In reKuhn's Estate, 132 Wn. 678, 233 P. 293, overruled byCulmback v. Stevens, 158 Wn. 675, 291 P. 705, and Hubbardv. Grandquist, 191 Wn. 442, 448, 71 P.2d 410.
Holt Mfg. Co. v. Jaussaud, 132 Wn. 667, 233 P. 35, 38 A.L.R. 1312, overruled by Hess v. Starwich, 149 Wn. 679,272 P. 75, and Kuhn v. Ambrose, 171 Wn. 528, 531,18 P.2d 485.
Loveless v. Chehalis, 133 Wn. 33, 233 P. 301, overruled by State ex rel. Larson v. Vancouver, 160 Wn. 655, 662,295 P. 947. See State ex rel. Johnson v. Dayton, 200 Wn. 91,94, 93 P.2d 909.
Danz v. American Federation of Musicians, 133 Wn. 186,233 P. 630, overruled by Yakima v. Gorham, 200 Wn. 564, 568,94 P.2d 180.
Morris v. Favor, 134 Wn. 75, 234 P. 1040, overruled byState ex rel. Mason v. Board of Commissioners, 146 Wn. 449,464, 263 P. 735.
Alto v. Hartwood Lbr. Co., 135 Wn. 368, 237 P. 987, overruled by Lucas v. Luckenbach S.S. Co., 141 Wn. 504, 510,252 P. 526.
State ex rel. Reynolds v. Hill, 135 Wn. 442, 237 P. 1004, overruled by State ex rel. Vandervort v. Grant, 156 Wn. 96,102, 286 P. 63, and by State ex rel. Sohlman v. Oldham,156 Wn. 484, 485, 287 P. 680.
Stevens v. Naches State Bank, 136 Wn. 137, 238 P. 918. See Sun Life Assur. Co. v. Outler, 172 Wn. 540, 546,20 P.2d 1110.
Perkins v. Ellensburg, 138 Wn. 641, 244 P. 996, overruled by Bale v. Floyd, 199 Wn. 503, 509, 91 P.2d 1025.
Riverside Finance Co. v. Griffith, 140 Wn. 322,248 P. 786, overruled by Walker v. Fowler, 155 Wn. 631, *Page 194 
637, 285 P. 649. See In re Binge's Estate, 5 Wn.2d 446,475, 105 P.2d 689.
Feldtman v. Russak, 141 Wn. 287, 251 P. 572; Kludas v.Inland-American Printing Co., 149 Wn. 180, 270 P. 429;Barach v. Island Empire T. T. Co., 151 Wn. 279,275 P. 713; Mitchell v. Nalley's, Inc., 163 Wn. 183, 300 P. 526;Steiner v. Royal Blue Cab Co., 172 Wn. 396, 20 P.2d 39;McMullen v. Warren Motor Co., 174 Wn. 454, 25 P.2d 99; andTemplin v. Doan, 187 Wn. 68, 59 P.2d 1110. See Bradley v.S.L. Savidge, Inc., 13 Wn.2d 28, 123 P.2d 780, disposing of opinions in the foregoing and Sullivan v. AssociatedDealers, 4 Wn.2d 352, 103 P.2d 489.
State v. Brunn, 144 Wn. 341, 258 P. 13, overruled on rehearing 145 Wn. 435, 260 P. 990.
Millspaugh v. Alert Transfer Co., 145 Wn. 111, 259 P. 22, overruled by Bredemeyer v. Johnson, 179 Wn. 225,36 P.2d 1062. See Twedt v. Seattle Taxicab Co., 121 Wn. 562,210 P. 20; Benson v. Anderson, 129 Wn. 19, 223 P. 1063, Weaver v.Windust, 195 Wn. 240, 80 P.2d 766; and Zurfluh v. LewisCounty, 199 Wn. 378, 381, 91 P.2d 1002.
State v. Smith, 145 Wn. 250, 259 P. 711, overruled byState v. Gaffney, 151 Wn. 599, 276 P. 873, and State v.Freitas, 158 Wn. 155, 156, 290 P. 701.
Colby Dickinson v. Baker, 145 Wn. 584, 261 P. 101, overruled by Columbia Lbr. Co. v. Bothell Dairy Farm, 174 Wn. 662,666, 25 P.2d 1037.
State ex rel. Merritt v. Superior Court, 147 Wn. 690,267 P. 503, overruled by State ex rel. Schmidt v. Nevins,180 Wn. 356, 358, 39 P.2d 990.
In re Cross' Estate, 152 Wn. 459, 278 P. 414, which overruled three cases, overruled by In re Verchot's Estate,4 Wn.2d 574, 578, 104 P.2d 490, *Page 195 
because in conflict with Singleton v. Cheek, 284 U.S. 493,76 L.Ed. 419, 52 S.Ct. 257, 81 A.L.R. 923.
Keller v. Breneman, 153 Wn. 208, 279 P. 588, 67 A.L.R. 92. See Chapin v. Stickel, 173 Wn. 174, 182, 22 P.2d 290.
Garrett v. Byerly, 155 Wn. 351, 284 P. 343, 68 L.R.A. 254, overruled by Martin v. Hadenfeldt, 157 Wn. 563, 568,289 P. 533. See, also, Eggert v. Schumacher, 173 Wn. 119, 122,22 P.2d 52.
Downie v. Renton, 162 Wn. 181, 298 P. 454, overruled on rehearing 167 Wn. 374, 9 P.2d 372.
Tabb v. Funk, 170 Wn. 545, 17 P.2d 18, overruled byDearling v. Funk, 177 Wn. 349, 365, 32 P.2d 548.
Bowman v. Union High School Dist., 173 Wn. 299,22 P.2d 991, overruled by Casper v. Longview School Dist., 5 Wn.2d 403,409, 105 P.2d 503.
Karp v. Herder, 181 Wn. 583, 44 P.2d 808, overruled byMorris v. Chicago, M. St. P. P.R. Co., 1 Wn.2d 587, 604,97 P.2d 119, 100 P.2d 19.
Russell v. Stephens, 189 Wn. 233, 64 P.2d 787, overruled on rehearing 191 Wn. 314, 315, 71 P.2d 30.
Collins v. Bucoda, 191 Wn. 242, 70 P.2d 1062, overruled by Longview Co. v. Lynn, 6 Wn.2d 507, 529, 108 P.2d 365.
Pacific Tel. Tel. Co. v. Henneford, 195 Wn. 553,81 P.2d 786, overruled by Spokane v. State, 198 Wn. 682,89 P.2d 826.
Purdy v. State, 199 Wn. 638, 92 P.2d 880, overruled byWashington Security Co. v. State, 9 Wn.2d 197, 205,114 P.2d 965.
Shively v. Garage Employees Local Union, 6 Wn.2d 560,108 P.2d 354, overruled by O'Neil v. Building etc. Union, 9 Wn.2d 507, 115 P.2d 662. *Page 196 
Appellant's petition for rehearing should be granted, the judgment reversed and the cause remanded to the trial court for a new trial.
SIMPSON, C.J., concurs with MILLARD, J.